The Mayor, Aldermen and Commonalty of the City
of New-York *against* Cashman.

Where a lessee, in 1806, covenanted to pay "all duties, taxes, assessments, impositions and payments, as should, during the term, be issued, or grow due and payable out of and for the demised premises," &c. and the premises were *assessed* a certain sum, to defray the expense of opening and improving a certain street, in the city of New-York, pursuant to an ordinance of the corporation, and by virtue of the general authority vested in the corporation, by an act of the legislature, passed the 2d *April,* 1803, (sess. 26. c. 70. s. 15.) relative to the police and health of the city; it was held that the lessee was bound, by his covenant, to pay such assessment.

THIS was an action of debt, brought to recover 125 dollars, being the amount of an assessment imposed on the defendant, as *lessee* of a lot of land in the 4th ward of the city of *New-York,* under the 11th section of the act for regulating the buildings, streets, &c. in the city of *New-York,* (sess. 24. c. 129.) passed 3d *April,* 1801.

The defendant gave a *cognovit actionem* for the sum demanded, subject to the opinion of the court, on the following case: The plaintiffs being seised of the lot of ground, at the corner of *Chatham* and *Duane-streets,* demised the same to the defendant, for the term of 21 years, from the 1st *May,* 1806, at the yearly rent of 250 dollars. The lease contained the following covenant: "And the said *Michael Cashman* doth for himself, &c. covenant, &c. that he, the said *Michael Cashman,* his executors, &c. shall and will, at their proper costs and charges, bear, pay, and discharge *all such duties, taxes, assessments, impositions and payments,* as shall, during the term hereby demised, be *issued or grow due and payable out of, and for the said demised premises,* and shall level, dig out and pave such parts of the street to the middle thereof, on which the said lot is bounded, in such sufficient manner as the mayor, aldermen and commonalty of the city of *New-York* shall, from time to time, order and direct."

The defendant has held the possession of the premises under the lease, since the 1st *May,* 1806.

Subsequently to this demise, the buildings between *Chatham-street* and *Augustus-street* were destroyed by fire; and on the 27th *November,* 1811, the corporation of the city of *New-York* passed an ordinance, to open and continue *Chamber-street,* from *Augustus-street* to *Chatham-street,* and caused the damages and recompense to the owners of the property taken, to be valued, by virtue of the authority vested in the mayor, aldermen and commonalty of the city, by an act of the legislature, passed 2d *April,* 1803; (sess. 26. c. 70. s. 15, 16.) and *assessors* having been appointed, in the usual manner, to estimate and assess the expenses occasioned by the improvements upon the property benefited thereby, they *assessed* the sum of 125 dollars, for which the pre--

1

sent suit was brought, upon the lot of ground so demised to the defendant, and in his possession, which *assessment* was regularly confirmed by the *common council*, on the 3d *February*, 1812.

The only question submitted to the consideration of the court was, whether the sum so assessed was to be paid by the plaintiffs, the *owners* of the premises, or by the defendant, the *tenant*. And it was agreed that if the court should be of opinion that the assessment ought to be paid by the *tenant*, a judgment should be entered for the plaintiffs, otherwise, a judgment of non-suit should be entered.

*Per Curiam.* The demand falls within the plain sense and language of the covenant. The covenant extended to " all taxes, assessments, impositions and payments, payable out of, and for the demised premises," and the charge in question was such an assessment. The court cannot enter into any equitable considerations, when the instrument speaks for itself. The assessment imposed in this case, was made in pursuance of a statute in force when the lease was made, and which, we are to presume, was in the contemplation of the parties. In *Bradbury* v. *Wright*, (*Doug*. 624.) land was charged with a yearly rent " without any deduction, defalcation or abatement for or in any respect whatsoever," and it was held that the rent was to be paid without deducting the land tax. The case of *Giles* v. *Hooper* (*Carth*. 135.) is still nearer to the present. That was on a lease for years, rendering rent, " free and clear from all manner of taxes, charges and impositions whatsoever;" and it was ruled that there was to be no deduction for a land tax imposed by statute, subsequent to the lease; for the covenant extended to every old and new charge whatsoever. In *Davenant* v. *Bishop of Sarum*, (2 *Lev*. 68. 1 *Vent*. 223.) it was held that the covenant in a lease to pay all taxes, did not extend to a new parliamentary tax, but only to taxes then in use; but the covenant in that case was as early as 1635, before land taxes by parliament, by periodical assessments, were in use, and, therefore, in *Brewster* v. *Kitchin*, (1 *Ld. Raym*. 317. 1 *Salk*. 198. S. C. *Carth*. 438.) a covenant, in 1649, to pay, *free of any taxes*, was held to extend to taxes thereafter to be imposed by statute, for parliamentary taxes were then known, and had been adopted in the civil war. In this case, the assessment in question was under a statute *in esse* at the time of the covenant, and providing for the very case of such assessments.

Judgment for the plaintiffs.