Bullard, J.
. The defendants are appellants from a judgment against them, in solido, for $500 damages, for causing the death of one of the plaintiff’s slaves, by drowning, while engaged in a prohibited traffic with him and- others, and encouraging them to steal sugar from their master to sell to them.
The record, while it shows that one of the slaves was drowned while engaged,as alleged in the petition, contains no evidence whatever as to the value of the slave, and, consequently, there is *204 no proof as to the quantum, of damages sustained by the plaintiff.
The counsel for the appellee has endeavored to sustain the opinion of the Judge, in assuming the slave to be worth $500, without any evidence, by what was said by this court in the case of Howe v. Manning's Executor, 13 La. 413. In that case the witnesses swore, that the plaintiff’s services in taking care of a steamboat, were worth from six to eight dollars per day. The Judge did riot believe them, and allowed only three dollars. This court said: “ We have neither the power, nor the wish, to compel Judges to believe witnesses examined before them. If, in this instance, the Judge knew of his own knowledge that the witnesses were not telling the truth, he could not believe them ; and the case stood before him as.if, no evidence being adduced, he had allowed the usual compensation in such cases ; an allowance which he can always make, with the consent of the curator."
This was obviously a very different case from the present; and the important qualification, that it may be done with the consent of the party interested, seems to have escaped the notice of the counsel. We know of no authority of a Judge to assume judicially, without evidence, that the average value of slaves of the description of the one drowned, is $500. The Judge expressed his doubts whether he was authorized to assess, the damages, without evidence of the value of the slave ; but upon the the whole concluded, that as the damages claimed were more in the nature of a debt, and as no objection was made to the amount, he might take upon himself to allow one-half of that claimed. We regret, under the circumstances of this case, that we are compelled to notice this error of the court below, and to reverse the judgment.
We think the court also erred, in giving judgment, in solido, against the joint trespassers. As the law stood at that time, the defendants are only liable jointly; and not in solido.
It is, therefore, ordered and decreed, that the judgment of the Parish Court be reversed, and that the case be remanded for a new trial; the costs of the appeal to be borne by the appellee.