EDWARD BLAKE & another *vs.* RICHARD BAKER & others.

Suffolk. March 13. — June 18, 1874. COLT & ENDICOTT, JJ., absent.

In a lease for three years of land made after the passage of the St. of 1866, c. 174, the covenant by a lessee to pay " all taxes and duties levied or to be levied thereon during the term," binds him to pay to the lessor an assessment upon the estate, for the laying out of a street, in pursuance of the said statute, and of the St. of 1868, c. 276, made during the term of the lease, and which the lessor has paid.

An order of the board of aldermen made under the St. of 1871, c. 382, § 2, reducing the amount of an assessment for a betterment, is not a new assessment.

CONTRACT by Edward Blake and John A. Loring, trustees under the will of Fitz Henry Homer, to recover of the defendants the amount of an assessment made upon an estate on Central Wharf, Boston, in pursuance of the St. of 1866, c. 174, and the St. of 1868, c. 276, by the city of Boston, for the laying out of Atlantic Avenue. The writ was dated December 24, 1872.

In the Superior Court the case was submitted upon the following agreed facts; judgment was entered for the plaintiffs for a sum stated; and the defendants appealed:

" On January 1, 1868, the plaintiffs leased to the defendants an estate on Central Wharf, for the term of three years, at the rate of $600 a year ; the lessees agreeing to pay ' all taxes and duties levied or to be levied thereon during the term.' The order laying out Atlantic Avenue was passed December 18, 1868,

and the betterment was assessed upon the demised premises, December 15, 1870, at the sum of $1050, and on September 30, 1872, by an order of the board of aldermen, the amount was reduced to seven hundred dollars ; and the present action is brought to recover the last sum. The amount has been paid to the city by the plaintiffs."

*J. A. Loring,* for the plaintiffs.

*H. C. Hutchins,* for the defendants. 1. This assessment is not a tax within the terms of the lease. It is undoubtedly true, as was held in *Harvard College* v. *Aldermen of Boston,* 104 Mass. 470, that such an assessment is, in its legal character, a tax ; but, as was also said in that case, p. 483, "In a covenant for the payment of taxes by a lessee, it is to be ascertained by construction what was contemplated by the parties in the use of the terms employed. Those terms are not necessarily to be taken in their strict legal signification." Taking the most favorable view for the plaintiffs, here is an assessment made only sixteen days before the expiration of the short term of the lease, and of an amount larger than the annual rent. It has never been held that the word " taxes " in a covenant in a lease embraces these assessments. In *Codman* v. *Johnson,* 104 Mass. 491, the lease was for a long term, twenty years ; and in this case and in *Walker* v. *Whittemore,* 112 Mass.      , the covenant  was to pay " all taxes and assessments." The word " taxes," as used in the covenants in leases for short terms, means the ordinary annual taxes, and not extraordinary impositions or assessments "in view of a permanently increased value of the estate by reason of a public improvement in its vicinity." And, when it is intended to embrace extraordinary rates, other and additional words are introduced.

2. The assessment was not " levied during the term." The order of September 30, 1872, was under the St. of 1871, *c.* 382, § 2, and was a reassessment. Until this statute was passed there was no power to increase or reduce or change an assessment for a betterment. By that section it was provided that all " assessment upon real estate, invalid by reason of any error," &c., may be remade. The assessment, therefore, of December 15, 1870, was abrogated, and was never paid by the plaintiffs ; and consequently they cannot recover for it.

GRAY, C. J.   The words of the covenant in this case are less comprehensive than in the case of *Curtis* v. *Pierce*, *ante*, 186. But it was made while statutes were in force authorizing assess-ments for betterments similar to that here sought to be recovered. It must therefore be held to include assessments of this character, levied on the premises during the term. *Codman* v. *Johnson*, 104 Mass. 491. *New York* v. *Cashman*, 10 Johns. 96. *Astor* v. *Miller*, 2 Paige, 68.

The orders laying out the street and assessing the betterment were passed during the term of the lease.   The order of September, 1872, did not lay a new assessment, but merely made a deduction from that formerly laid.   For the balance of that as-sessment, therefore,          *The plaintiffs must have judgment.*