CASSADY v. HAMMER.

</div>

1. **Taxes:** MEANING OF TERM.  An agreement in a lease "to pay all taxes assessed  *  *  *  during the continuance of the lease" includes special assessments for local improvements, such as for paving and curbing the adjacent street.

| 62 | 359 |
| 97 | 296 |
| 62 | 359 |
| 112 | 320 |
| 62 | 359 |
| 141 | 22 |

*Appeal from Polk Circuit Court.*

MONDAY, DECEMBER 10.

ACTION for damages alleged to have been sustained by reason of the breach of a contract.  The plaintiff leased to

the defendant certain real estate, situated on Walnut street, in the city of Des Moines. In the lease, the defendant agreed "to pay all the taxes assessed against the lot, and improvements erected on it, during the continuance of the lease, to-wit, for the years 1880, 1881, 1882, 1883, 1884, 1885, 1886, 1887, 1888, 1889." The city ordered that the street be curbed and paved; and it made a special assessment upon the lot to pay for the same. The defendant refused to pay the assessment, and the plaintiff, to relieve his lot from liability, paid it; and he now brings this action to recover the amount thereof from the defendant. The plaintiff in his petition sets out the facts substantially as above stated. The defendant demurred to the petition. The court overruled the demurrer, and the defendant electing to stand on his demurrer, judgment was rendered for the plaintiff. The defendant appeals.

*Barcroft, Bowen & Sickmon*, for appellant.

*Berryhill & Henry*, for appellee.

ADAMS, J.—The question presented arises upon the meaning of the word "taxes," as used in the lease. The defendant insists that, while it is true that he became obligated to pay all taxes, etc., the word "taxes" as used does not include special assessments for local improvements like the one in question.

The assessment was made under section 466 of the Code. In that section the assessment is denominated a special tax, and that section was in force at the time the lease was made. As tending also to fix the meaning of the word, though not perhaps to the same extent as the statute, we may refer to the fact that an assessment like the one in question has been called a tax in the decisions of this court. *B. & M. R. R. Co. v. Spearman*, 12 Iowa, 112; *Morrison v. Hershire*, 32 Id., 271; *City of Sioux City v. Ind. School District*, 55 Id., 150. The term special tax, as denoting an assessment for a local improvement, has, we

think, come into very general use, and is understood by every one. We are aware that it has been held that a statute providing for the exemption of a certain class of property from taxation does not exempt from assessment for local improvements. An exemption from taxation being an exception, it is strictly construed.

The defendant cites and relies upon *Love v. Howard*, 6 R. I., 116, and *Municipality No. 2 v. Ourell*, 7 La., 203. Those were cases where a lessee agreed to pay taxes, and it was held that he was not liable for a special assessment. But, in the former case, the assessment was made under a statute enacted subsequently to the execution of the lease. In the latter case, the agreement was to pay taxes annually levied, and it was held that the parties must have had in mind annual or general taxes.

The appellant insists that there is something in the lease in the case at bar tending expressly to show that the parties had in mind only annual or general taxes. It is said that the agreement was to pay the taxes "for the years 1880, 1881, &c." If this language stood alone, it might perhaps be regarded as favoring the defendant's position. But the agreement was to pay all the taxes "assessed during the continuance of the lease," and the years seem to be mentioned as describing merely the term.

It is not unfair to presume that, as this property was leased to the defendant before the street was improved, the rent was graduated somewhat with reference to the street's unimproved condition. If this is so, the defendant might properly enough, and especially in view of the length of his lease, agree to pay any special tax that might be assessed; and, when he agreed to pay "all taxes assessed," it seems to us that it should be held that he intended to include special taxes. As supporting the view which we have expressed, see *Blake v. Baker*, 115 Mass., 188.

AFFIRMED.