Chief Justice Robertson
delivered the Opinion of the Court,
William J. Coger prosecutes this writ of error, to reverse a decree directing the sale of a tract of land, upon the petition of his guardian.
Where a special jurisdiction is given by statute, the record must show a case within . he statute; other-, wise, a defect of jurisdiction will be presumed. This court will will not decide whethera decree is void or not,in a case where the purchaser of an estate sold under the' decree, is no party — hs on that, his tii. tie depends.
As the statute conferred on the chancellor only a' special authority to decree the sale of real estate which descended to infants, he can have no jurisdiction, unless the estate was acquired by descent; and therefore, as his juris diction is special and limited, this decree cannot he sustained unless the record shew the fact which alone can give authority under the statute.
It does not appear, in this case, that the infant’s title was acquired by descent; and therefore the circuit court had no jurisdiction ; and consequently the decree directing the sale, must be reversed.
But, as the purchaser1 under the decree is not a party to the writ of error, we cannot now decide, as we have been urged to do, whether the decree is void, or merely erroneous; and whether, therefore, the reversal will affect the sale ; for if the decree be void, the purchaser under it acquired no title whatever; but if it were erroneous merely; and not absolutely void, lie may have acquired a title which the reversal might not, per se, divest. 1 . ■
Decree reversed, and cause remanded.