## CHARLES P. CURTIS & another *vs.* SAMUEL S. PIERCE.

Suffolk.   March 6. — June 18, 1874.   WELLS & ENDICOTT, JJ., absent.

An assessment upon an estate under the St. of 1866, *c.* 174, which has been paid by a lessor, is a tax which may be recovered by him of a lessee, who by a lease made before the passage of that statute has covenanted to pay " such sum or sums of money as shall be equal to the amount of the rates, taxes and duties of every kind that shall be levied or assessed on the demised premises, or on the lessors of the same ; as well those assessed or levied by the authority of the United States, or those assessed or levied by the authority of the State of Massachusetts, or of the city of Boston, for each year and part of a year," if the lease was made and the assessment laid before the passage of the St. of 1871, *c.* 382.

CONTRACT by the owners of the building on the corner of Tremont and Court Streets in Boston, against the lessee to recover the amount assessed thereon by the city of Boston, November 20, 1871, pursuant to the St. of 1866, *c.* 174, under an order passed by the Board of Aldermen November 4, 1870, to widen Tremont Row and Court Street, and paid by the plaintiffs on April 29, 1872, after notice to the defendant. The writ was dated May 3, 1872.

In the Superior Court the case was submitted on the following agreed facts ; judgment was ordered for the defendant, and the plaintiffs appealed :

" The lease of the premises was dated August 16, 1861, and embraced a term of ten years from January 1, 1862. The lessee occupied during the whole of the term, and said widening and assessments were made during said term. The lease contained the following covenant, viz. : ' And the said lessee for himself, his executors and administrators, doth hereby covenant to and with the said lessors, their heirs and assigns, that he will pay the said rent quarter-yearly in equal sums of twelve hundred and fifty dollars, the first of which payments shall be on the first day of April, 1862 ; that he will, from time to time, upon the request of the lessors, pay them such sum or sums of money as shall be equal to the amount of the rates, taxes and duties of every kind that shall be levied or assessed on the demised premises, or on the lessors of the same ; as well those assessed or levied by the authority of the United States as those assessed or levied by the authority of the State of Massachusetts, or of the city of Boston, for each year

and part of a year, during the term aforesaid.' The widening of the street was actually begun early in the spring of 1871, and completed before the first of August, 1871.

" The court shall be authorized if they find for the plaintiffs to render judgment for them in the sum of $1520, with interest from April 29, 1872, and costs. Otherwise judgment for the defendant with costs."

*J. P. Healy & R. Lund,* for the defendant, were first called upon. In the case at bar the covenant does not use the word " assessment," but uses the words " rates, taxes and duties of every kind ; " and then proceeds to point out specifically what is meant, and limits the liability to those assessed or levied by the United States, the State of Massachusetts, or the city of Boston, for each year and part of a year. This shows clearly that the parties only intended the annual assessments, and, at farthest, such as could be apportioned according to the time of the occupancy. It cannot mean such an assessment as the one in question. This is made once for all time, and in one sum, and is not susceptible of being apportioned into yearly payments. This language is guarded, and shows an intention to covenant to pay only such assessments as are ordinary and annual, and cannot be applied to a covenant to pay for permanent improvements on the premises.

*E. Merwin,* for the plaintiffs.

GRAY, C. J. The indenture sued on appears to the court to have been carefully and clearly framed to express the intention of the parties that the burden of every description of taxes, which might be assessed upon the estate during the term of the lease, either under laws already existing, or under future legislation, should be borne by the lessee and not by the lessors. It is well settled in this Commonwealth, that an assessment upon an estate under the betterment acts, though local and special in its character, is yet a kind of tax. The covenant of the lessee in this case in terms includes " the amount of the rates, taxes and duties of every kind ; " it is not limited to taxes assessed upon the lessee, but embraces those " that shall be levied or assessed on the demised premises or the lessors of the same ; " it is declared to be equally applicable whether the tax is imposed by national, by state, or by municipal authority ; and, like the previous covenant for the payment of rent, it speaks not only of every year, but of

any part of a year, during the term of the lease. Each of these clauses appears to us to have been inserted with a view of making more sure that the covenant should have as comprehensive a scope and effect as possible, and not of restricting it in any particular. The St. of 1871, *c.* 382, having been passed since the making of this indenture and the laying of the assessment in question, has no application to this case. The plaintiffs are therefore entitled to maintain their action. *Payne* v. *Burridge*, 12 M. & W. 727. *Thompson* v. *Lapworth*, L. R. 3 C. P. 149. *Bleecker* v. *Ballou*, 3 Wend. 263. *Harvard College* v. *Aldermen of Boston*, 104 Mass. 470, 483. *Codman* v. *Johnson*, Ib. 491. *Walker* v. *Whittemore*, 112 Mass.           *Judgment for the plaintiffs.*