### JONATHAN B. SIMONDS, trustee, *vs.* JOB A. TURNER.

Suffolk.    March 28. — May 6, 1876.    COLT & LORD, JJ., absent.

An assessment upon an estate under a betterment act, which has been paid by a lessor, may be recovered by him of a lessee, who, by a lease made before the passage of any betterment act, has covenanted to pay "all taxes and duties levied or to be levied thereon during the term," if the lease was made and the assessment laid before the passage of the St. of 1871, c. 382.

On the assignment of a lease of land by the original lessee, a contract of even date was executed by the assignee, by which he agreed to make improvements on the premises, to be paid for by the lessee, and to reassign the lease to him on such payment being made in full. *Held*, that this contract did not amount to a present reassignment, and that the assignee was liable upon the covenants of the lease.

CONTRACT by the surviving trustee under the will of Jonathan Simonds, to recover of the defendant the amount of an assessment made upon an estate, situated at the corner of Warren Street and Eliot Street, by the board of aldermen of the city of Boston, for the widening of Eliot Street.

At the trial in the Superior Court, before *Colburn*, J., without a jury, it appeared that the trustees under the will of Jonathan Simonds leased the above described estate to one Rosenfeld for the term of eighteen years from January 1, 1855, the lessee cove-

nanting to pay "all taxes and duties levied or to be levied thereon during the term;" and that Rosenfeld on May 31, 1856, assigned the lease to the defendant and one Joel Snow, copartners under the name of Job A. Turner & Co., for the residue of the term, taking from them a contract of even date, by which they agreed to make certain repairs and improvements upon the premises, to be paid for by Rosenfeld, and to reassign the lease, which was described and referred to, to him when such payment was made in full.

In pursuance of an order of the board of aldermen of the city of Boston, approved December 31, 1869, Eliot Street was widened, part of the leased land was taken, and a betterment assessed upon the remaining part, on December 20, 1870, in the sum of $1700. The plaintiff paid this assessment on November 22, 1871, and no notice was given the defendant or Snow of the assessment, and no demand to pay the same was made upon either of them. The lessor did not appeal from the assessment, or apply for a jury to revise the same, and the defendant and Snow were given no opportunity to do so by notice.

The judge ruled that upon the foregoing facts the plaintiff was not entitled to recover of the defendant the whole or any part of the amount paid by the plaintiff as a betterment; and the plaintiff alleged exceptions.

*C. R. Train & J. O. Teele*, for the plaintiff.

*A. A. Ranney*, for the defendant.

GRAY, C. J. This case must follow those of *Curtis* v. *Pierce*, 115 Mass. 186, and *Blake* v. *Baker*, 115 Mass. 188. In *Blake* v. *Baker*, indeed, the covenant, which was in the very words now before us, was made after the passage of statutes imposing assessments for betterments. But in *Curtis* v. *Pierce*, as in the case at bar, the covenant was made before the passage of any such statute; and the covenant to pay "all taxes and duties levied or to be levied thereon during the term," though expressed in less full and comprehensive language, is equivalent in substance and effect to the covenant in *Curtis* v. *Pierce*, and in the other cases there cited. See also *Post* v. *Kearney*, 2 Comst. 394. It must therefore be held to cover all assessments imposed by law upon the land during the term.

The lease was duly assigned by Rosenfeld to Turner and Snow. The contract contemporaneously executed by them, by which they agreed to make improvements upon the premises, to be paid for by him as therein provided, and to reassign the lease to him, did not amount to a present reassignment, but conclusively shows that they accepted the original assignment of the lease, and are liable upon the covenants therein. *Williams* v. *Bosanquet*, 1 Brod. & Bing. 238; *S. C.* 3 Moore, 500. *Weidner* v. *Foster*, 2 Penn. 23. The nonjoinder of Snow is not objected to, and was matter of abatement only.

*Exceptions sustained.*