CASE 99—EQUITY—FEBRUARY 19, 1884.

## Pryse v. McGuire.

APPEAL FROM LEE CIRCUIT COURT.

1. In a suit by the vendor to enforce his lien for purchase money, the defendant answers that the vendor represented to him that the title to the land was clear and unincumbered, when at the time he knew that there were various defects in the title, and the representation was false.   It is no sufficient reply that the vendee might, by an examination of the records, have discovered the alleged defects in the title.
2. It is not essential that the facts averred by the vendee be characterized *eo nomini* as fraudulent.   The facts speak for themselves, and, if sufficient, will be construed as they import.
3. When the vendee has accepted a conveyance, with warranty of title, and has been put into possession, it is no defense to aver that the vendor has no title.
4. But if the vendor covenants that the vendee shall quietly enjoy possession of the land conveyed, and the vendee has never been put into possession, in an action for purchase money the vendee may rely upon that fact as a breach of the warranty.

Pryse v. McGuire.

ISAAC N. CARDWELL FOR APPELLANT.

It is distinctly averred that the persons named in the answer are the owners of, and in the actual possession of, the various tracts of land conveyed by appellee to appellant. The warranty as to possession is therefore broken. Appellant is not bound to wait for an actual eviction, nor to sue for possession.

Appelle falsely represented to appellant that his title was good when he knew it was not the fact. (Chitty's Pl., vol. 1, 661; Morgan v. Ballard, A. K. Mar., 558; Bush v. Madison, 14 B. Mon., 172; Civil Code, sec. 76; Brown v. Howland Coal and Iron Co., 13 Bush, 682; Taylor v. Stowell, 4 Met., 175; Shropshire v. Conrad, 2 Ib., 143.)

C. F. AND A. R. BURNAM FOR APPELLEE.

Where the purchaser has accepted a deed from his vendor, and has not been evicted, and was not induced to accept the deed by fraud where the vendor is solvent, the vendee must pay the purchase money. That others are in the adverse possession of a part of the land can not avail him. No fraud has been properly averred. (Morrison v. Caldwell, 5 Mon., 439; 7 Bush, 446; 1 Dana, 303; 5 J. J. Mar., 425; 3 A. K. Mar., 336.)

CHIEF JUSTICE HARGIS DELIVERED THE OPINION OF THE COURT.

The appellee, McGuire, sold, and by deed containing covenants of general warranty of title and possession, conveyed a large boundary of land, described by metes and bounds, to the appellant, Pryse, in consideration of $7,000 cash in hand, and $10,558.66 secured by note of even date with the deed, and due twelve months after date, a lien being retained for its payment.

McGuire brought this action on the note and to enforce the lien. He averred the execution of the contract, the acceptance and registration of the deed, and the non-payment of the note, concluding with a proper prayer.

Pryse answered, admitting the execution of the note, delivery and acceptance of the deed, which he had recorded, and pleaded, substantially, that after deducting the twenty tracts described in the deed and excluded from it as having been previously sold and then occupied by others, McGuire represented to him that he had a good and perfect title,

unincumbered, to the residue, 8,461 acres, embraced and conveyed by the deed; that he relied upon the representations and assurances of McGuire, accepted the deed and paid him $7,000 of the purchase money, and executed the note sued on; that after the suit was brought, and for the first time, he examined McGuire's title, and found that he had no title to or possession of several portions of the land embraced by the deed, and not within any of the exclusions of the deed.

Those portions are particularly described, the names of the alleged owners and possessors are set forth, the character of their title, and the kind and length of their possession is so specifically alleged as to show lawful title in them, and the averment made that they are the real owners, and that McGuire had leased to Caslo the mineral privileges of the land sold to Pryse, for a period of thirty-five years, and only two or three years of the lease, which was duly recorded, had expired, all of which McGuire knew, but failed to disclose when he sold the land to Pryse and when the latter accepted the deed. Pryse prayed judgment for damages, as a counter claim, to the extent of the value of the land and lease, whose sale, possession, and ownership, had been suppressed from him by McGuire.

To each paragraph and the whole of this answer a general demurrer was filed by McGuire and sustained by the court. Pryse failing to plead further, a judgment was rendered against him for the amount of the note, subject to a small credit, and for a sale of the land to satisfy the lien retained in the deed. From that judgment Pryse prosecuted this appeal.

It is suggested in argument that Pryse, by examining the county court records, could have discovered before he ac-

·cepted the deed, the titles and lease described in his answer, and as he does not use the ·term fraud in reference to McGuire's representations, his answer is insufficient in law ·or equity as a defense.    But as this court said in Young v. Hopkins and others (6 Mon., p. 23), ''It is a bad defense in the mouth of misrepresentation of facts to say that the vendee might have discovered these falsehoods by using due ·caution and diligence, and therefore he ought to be excused.''

On the other idea that the word fraud, or its equivalent, is necessary to the charge of fraud, we are of a different opinion.    For if the facts be true, as alleged, and they must be so treated on demurrer, and McGuire knew of their ex- istence and made material statements to Pryse in conflict with them, which misled him, it is not necessary to denom- inate his acts as fraudulent, for the facts themselves consti- tute substantive fraud.    Where the facts show fraud, the law will presume the animus.

It is not doubted that Pryse must rely upon the covenants ·of warranty contained in the deed, because neither non- residency or insolvency of the vendor, nor any other equita- ble ground, is relied on which would authorize the interpo- :sition of a court of equity before breach of the warranty. This case, though, presents a different question from any of ·those questions determined by the numerous cases cited by ·appellee's counsel.    According to the facts alleged in the answer, Pryse was never put in possession of the portions ·of the land alleged to be owned and possessed by others, and, in fact, could not be placed in possession thereof by McGuire.

As the legal effect of McGuire's covenant of warranty is that Pryse should quietly enjoy *the possession*, that no *incum- brances, such as mortgages or leases, were upon the land, and*

*that McGuire would warrant and defend the title*, the question arises upon the facts averred in the answer, whether there has been a breach of the warranty and necessarily consequent damages.

There was no eviction of Pryse from the possession of the lands whose value he claims as a counter claim, and there could be none, because McGuire never put him in possession, which was a breach of that part of the warranty for quiet enjoyment.

The alleged failure by McGuire to place Pryse in possession of the parcels described in the answer is accompanied by averments, if true, which demonstrate that he has no title to them, and without possession or title Pryse will not be required to aver insolvency or other equitable grounds, or wait for a judicial eviction, which can not be had so long as the status of the possession and title remain as alleged. It is, therefore, clear that the answer shows the warranty to have been broken and the defendant damaged thereby. According to the case of Bute v. Riffe (78 Ky., p. 353–6), and the provisions of the Civil Code which authorize the plea of counter claim in cases of this character, the answer of Pryse presented a valid defense, because it exhibits a breach of the covenant "for which the appellee must answer in damage."

Wherefore, the judgment is reversed and cause remanded, with directions to overrule the demurrer, and for further proceedings not inconsistent with this opinion.