## MEICKLEY V. PARSONS ET AL.

1. **Sale**: WARRANTY NOT WAIVED BY FAILURE TO EXAMINE GOODS. While a general warranty does not usually extend to defects apparent on simple inspection, where there is an opportunity to inspect, it does extend to defects which the buyer could discover only by the exercise of care. The very purpose and effect of the warranty are to relieve the buyer of the necessity of examining the goods with care.

*Appeal from Webster Circuit Court.*

THURSDAY, APRIL 23.

ACTION upon a promissory note. The defendants admitted the execution of the note, and filed a counter-claim, in which they averred that the note was given for a kiln of brick sold to one of them with a warranty; that the warranty had been broken; and that the damages sustained exceeded the amount of the note. There was a trial to a jury, and verdict and judgment were rendered for the plaintiff. The defendants appeal.

*John Breen* and *R. M. Wright,* for appellants.

*A. A. Botsford,* for appellee.

ADAMS, J.—There was evidence tending to show that the plaintiff expressly warranted the brick " to be good brick and all right;" that they in fact were not all good; that there were in the kiln between 45,000 and 50,000 brick, and that about 10,000 were worthless; that the purchaser saw the exterior of the kiln, and that the brick upon the outside appeared to be good, but upon the removal of a portion of them there was revealed what the witnesses call a " cold spot," where the brick had been imperfectly burned; that the " cold spot," or defective part of the kiln, could have been discovered by the purchaser, but not without going upon the top of the kiln, and the kiln was covered with three thicknesses of

boards, and some brick and other things, and the purchaser did not go upon the top of the kiln. The court instructed the jury that "if, by the exercise of ordinary care at the time of the purchase, he (the purchaser) might have discovered and known the character, quality and number of brick in the kiln, and failed to do so, he cannot recover because of a breach of warranty." The giving of this instruction is assigned as error. In our opinion the instruction cannot be sustained.

In Benj. Sales, § 616, the author says: "A general warranty does not usually extend to defects apparent on simple inspection, requiring no skill to discover them; nor to defects known to the buyer." Some of the authorities speak of the defects which are not covered by a warranty as those which are *patent* or *obvious*. The doctrine seems to be that the warranty as to such defects is waived. The court may presume, ordinarily, that that was the understanding. But we cannot think that the purchaser who has bought with a warranty is to be *careful*, in order to avoid a waiver of it. The purpose of exacting a warranty may be to exempt the purchaser from the necessity of diligence. The court below was perhaps misled by a rule which applies in a different kind of a case. Where the question is as to whether a representation was understood to be a warranty or a mere expression of opinion, it may be important to inquire whether the purchaser could, in the exercise of ordinary diligence, have formed his own opinion. Where a purchaser forms his own opinion, or might be expected to do so, it is the right of the seller to insist that his representation was a mere expression of opinion. But the case before us is not one of representation, where the words used might or might not be a warranty, according to circumstances. The instruction concedes the fact of warranty. Now, the brick being warranted, the purchaser, we think, might feel excused from exercising the care to discover the defect in the kiln which he, or a prudent purchaser, would probably have exercised if buying without

a warranty. What precisely the court meant by ordinary care we do not know, but we suppose that it must be that above described.

REVERSED.