CASE 93—PETITION EQUITY—JUNE 8.

# Smith v. Jones, &c.

### APPEAL FROM BOYD CIRCUIT COURT.

1. A COVENANT OF GENERAL WARRANTY IN A DEED to land is equiva-
lent in substance to the several special covenants in use under
the common law, as that the grantor is seized of the land sold,
that he has good and perfect right to convey, that the land is
free from incumbrances, that the grantee shall quietly enjoy
possession and that the grantor will warrant and· defend the title
against all claims of all persons. Therefore, such a covenant is
sufficient to compel the grantor before receiving the full amount
of the purchase money to pay off and discharge all outstanding
unpaid liens on the property.

2. WHERE A VENDEE IS IN POSSESSION OF LAND UNDER A DEED OF
GENERAL WARRANTY and the vendor is solvent the vendee can
not resist the payment of the purchase money, although there
may be a defect in the title, provided the vendor acted in good
faith.

In this action to recover the purchase price of land of which
the defendant is in possession under a deed of general warranty
the fact that there is in the deed of a remote vendor a clause pro-
hibiting the sale of intoxicating liquors on the premises and pro-
viding for a reversion in the event they shall be so used, consti-
tutes no defense, the vendors having acted in good faith and one
of them being solvent.

THOMAS F. HARGIS FOR APPELLANT.

The appellant never agreed to risk the warranty of the appel-
lees except upon the faith of their representations that the prop-
erty was free from incumbrances and the title to it good, and as
appellees fraudulently suppressed the fact as to the existence
of the restriction as to sale of liquor upon the premises, the ap-
pellant is entitled to protection. The appellant can not suffer
eviction, but the use of his property is restricted, which is a per-
petual cloud upon his title. The moment the warranty was made
it was broken because the title was then defective. (Pryse v.
McGuire, 81 Ky., 608.)

Smith v. Jones, &c.

JNO F. HAGER FOR APPELLEE.

1. Even if the deed in this case contained a covenant against incumbrances it would afford no right to defendant to retain purchase money as he shows no loss, or grounds to apprehend loss, by reason of the incumbrances alleged. (Eaton v. Lyman, 30 Wis., 41; Rawle on Covenants, &c., sec. 188.)

2. As appellant is in the peaceable possession of his property by virtue of a conveyance containing a covenant of general warranty, and there is entire absence of fraud, insolvency or non-residency on the part of his vendors, he can not resist the payment of the purchase price. (English v. Thomason, 82 Ky., 280; Simpson and others v. Hawkins, &c., 1 Dana, 303; Taylor v. Lynn, 2 Dana, 276; Duvall v. Parker, 2 Duv., 187; Trumbo v. Lockridge, 4 Bush, 415; Buford's case, 14 Bush, 690.)

3. Even with the plea of the insolvency of appellant's vendors there is failure to state facts sufficient to authorize the equitable relief of rescission. (Rawle on Covenants for Title, sec. 381; Mauer v. Washington, 3 Strobh., Eq., 171; Latham v. Morgan, 1 S. & M., Chy., 617.)

JUDGE GRACE DELIVERED THE OPINION OF THE COURT.

This is an appeal by Joseph G. Smith, from a judgment rendered against him in the Boyd Circuit Court, in favor of Catherine Jones and her husband, J. Paul Jones, on two notes of $2,000 each and interest, same being executed by appellant for the unpaid purchase money on three certain lots in the city of Ashland, bought of Jones and wife in 1890.

In this sale a deed of conveyance was made and accepted by the purchaser, retaining lien for these unpaid purchase notes, and containing the usual clause of "general warranty" of title. This means by express declaration of our statute law in Kentucky that the grantors in any such deed covenants on behalf of himself, his heirs and personal representatives, that he will forever warrant and defend "the said property unto the grantee, his heirs, personal representatives and assigns, against the claims and demands of all persons whomsoever."

And by a further statute the words "real estate" or "lands" shall be construed to mean lands, tenements and hereditaments, and all rights thereto and interests therein.

This term used by the grantor in a deed that he conveys by or with "general warranty," has been often held by this court to be in substance equivalent to the several special covenants in use under the common law, as that one is seized of the land sold, that he has good and perfect right to convey, that the land is free from incumbrances, that the grantee shall quietly enjoy possession, and that the grantor will warrant and defend the title against all claims of all persons. Butt v. Riffe, 78 Ky., 352, and Pryse v. McGuire, 81 Ky., 608, as well as in numerous other cases.

In this case the covenant of general warranty is all sufficient for the protection of Smith, in the full, complete, unrestricted use and enjoyment of the land sold, free from all incumbrances, and is sufficient to compel the grantor, before receiving the full amount of the purchase money, to pay off and discharge all outstanding, unpaid liens on the property, and this, the evidence shows, had been done before the rendition of the judgment for the purchase money; in fact, before suit brought.

Another matter complained of by Smith as being an incumbrance or restriction of the free use and enjoyment of his property bought, is that he says, in the deeds made by his remote vendors, the Kentucky Iron, Coal and Manufacturing Company (who, it seems, were the owners of all this land as early as 1854), embraced in each of their several deeds to their immediate vendees, this clause:

"Grantee accepts this deed subject to the following provision, that if he, his heirs or assigns, shall sell or permit to be sold, upon said premises, intoxicating liquors of any description, then this deed to be void and title to revert to the

grantor, provided that in case of such reversion there shall be paid to the grantee, his heirs or assigns, one-half the value of said property, to be determined by the appraise-ment of three parties, to be appointed by the grantor."

The pleadings admit that this clause appears in several of the deeds of the remote vendors of the plaintiffs in this case, but not in either of the deeds under which the grantors in this case obtained title, the last deed wherein this clause did appear being in 1872. It is not claimed by the defend-ant Smith that this property was suitable, either in its building or location, for saloon purposes, nor that he ever contemplated selling spirituous liquors on same, nor that he had been in any wise interfered with, or prohibited in any way, by legal process or otherwise, from so doing; neither does he say that he has any apprehension of such proceedings, but simply that it is an incumbrance on the free unrestricted use of his property and that it has in-jured its salable value.

As we have seen, his warranty in his deed is sufficient to protect him in this respect, should he ever be actually dis-turbed in this use and enjoyment of his property. And being in possession, protected by this warranty and one of his grantors being amply solvent (worth, according to the evidence, $20,000 or more), the uniform doctrine and prac-tice in this court is, and for a long time has been, that the court will not interfere, that it will not cancel the contract, where executed, unless actual fraud has been perpetrated in procuring same, neither will it withhold or restrain a vendor in the collection of his purchase money on such a record.

An early, well-considered and interesting case in this court on this question is Simpson and others v. Hawkins, &c., 1 Dana, 303. Other cases have followed: Taylor v.

Lyon, 2 Dana, 276; Duvall v. Parker, 2 Duvall, 182; Trumbo v. Lockridge, 4 Bush, 415; and recently English v. Thomasson, 82 Ky., 280.

In support of the title of plaintiffs in the court below, it is shown that they and those under whom they claim have had this property in actual, continuous, uninterrupted possession for more than thirty years, the extreme limit beyond which the law in Kentucky will not protect any claimant by reason of any disability. This sale was made in good faith, the grantor not doubting his title. He says he did not think, at the time, of telling Smith, his vendee, of this clause in the earlier deeds, prohibiting the sale of liquor on the premises, because, he says, that said provision had long been deemed obsolete, that for thirty years whisky had been sold in saloons (twenty or more), in the town of Ashland, without any protest by the Kentucky Iron, Coal and Manufacturing Company, who were the original owners of all that tract of land whereon this city is built, and who had a similar clause inserted in all their deeds of conveyance, of said lots. That in fact, this same company built a fine hotel in said city and sold same in 1890, wherein a saloon was then and is now kept.

It is clear that appellee was in good faith, and contemplated no fraud in the sale of his property, and where such is the case, and the contract fully executed by deed, with clause of "general warranty," and the vendor living and solvent, as we have seen, the courts will not interfere, even though a defect was shown in the title.

Wherefore, the judgment is affirmed.