THOMAS M. SMITH *vs.* ABINGTON SAVINGS BANK.

Suffolk.   January 7, 1896. — February 27, 1896.

Present: FIELD, C. J., ALLEN, HOLMES, & LATHROP, JJ.

*Sewer Assessment — Covenant against Encumbrances — Taxes.*

An assessment for the construction of a sewer, in pursuance of the vote of a town passed on February 8, 1892, is not within the provision of a deed executed on July 7, 1893, that the granted premises were free from all encumbrances made or suffered by the grantor, " except the taxes assessed for the year 1893."

THE declaration alleged that, on July 7, 1893, the defendant executed and delivered to the plaintiff a deed wherein the defendant covenanted with the plaintiff that the premises described therein were "free from all encumbrances made or suffered by it except the taxes assessed for the year 1893," and that the plaintiff, relying on the covenant, received the deed and paid

the agreed consideration therefor; that the premises were not free from all encumbrances, as the defendant covenanted, but were subject to an assessment for the construction of a sewer in pursuance of a vote of the town of Revere, in which the premises were situated, passed on February 8, 1892, of which the plaintiff was ignorant at the time of the conveyance to him ; that the plaintiff had been required to pay, and had paid, the amount of the assessment, viz. the sum of twenty-eight dollars and ninety-two cents ; and that the defendant owed him said sum with interest.

The defendant demurred, on the ground that the declaration set forth no cause of action in that.it appeared therein that the tax referred to was a tax excepted by the terms of the deed.

The Superior Court sustained the demurrer, and ordered judgment for the defendant; and the plaintiff appealed to this court.

*E. A. Bayley*, for the plaintiff.

*J. F. Simmons*, for the defendant.

HOLMES, J.    We are of opinion that the exception of " the taxes assessed for the year 1893 " from the covenant against encumbrances did not include an assessment for the construction of a sewer.    The whole turn of the phrase indicates the common annual taxes for a particular year, and nothing else.    It is not enough to show that the power to levy such an assessment falls under the general power of taxation, or that the assessment is a lien on the land, which it must be in order to constitute an encumbrance ; but the question is whether the words chosen by the defendant to limit his liability for encumbrances fairly ought to have conveyed to the plaintiff that he took the risk of something otherwise warranted against, in case an assessment should be levied for it during the year 1893.    The cases in this State most favorable to the defendant turn on more general expressions than those used in the deed before us.    *Codman* v. *Johnson*, 104 Mass. 491.    *Walker* v. *Whittemore*, 112 Mass. 187.    *Curtis* v. *Pierce*, 115 Mass. 186.    *Blake* v. *Baker*, 115 Mass. 188. *Simonds* v. *Turner*, 120 Mass. 328.    See *Thompson* v. *Lapworth*, L. R. 3 C. P. 149.    The tendency of the cases most nearly in point here and elsewhere is adverse to its contention.    *Boston Seamen's Friend Society* v. *Boston*, 116 Mass. 181.    *Harvard College* v. *Boston*, 104 Mass. 470, 483.    *Beals* v. *Providence Rubber Co.* 11 R. I. 381.    *People* v. *Brooklyn*, 4 Comst. 419, 432, 433.

*Demurrer overruled.*