CORNELIUS E. COLLINS *vs.* NATHAN D. PRATT,
administrator.

Middlesex.    January 7, 1902. — May 21, 1902.

Present: HOLMES, C. J., LATHROP, BARKER, HAMMOND, & LORING, JJ.

*Landlord and Tenant.    Assignment.    Contract*, Implied.    *Frauds, Statute of.*

The acceptance of an assignment under seal of a lease makes the assignee liable
for the rent reserved in the lease without his entering upon the land.

An assignor of a lease, who has been compelled by the lessor to pay the rent, has
a right of action against his assignee, under seal, in the nature of the claim of a
surety for money paid to the defendant's use, and the statute of frauds has no
application.

CONTRACT by a lessee against the administrator of the estate
of his assignee of the lease to recover rent and costs paid by the
plaintiff in an action brought against him by the lessors.    Writ
dated November 3, 1899.

The answer contained a general denial and also set up the
statute of frauds.

At the trial in the Superior Court before *Stevens,* J., without
a jury, the defendant requested the judge to rule, that the mere
acceptance by the defendant's intestate of an assignment of
the lease, whether the assignment was under seal or not, in the
absence of any evidence that the defendant's intestate or the
plaintiff ever occupied the premises or had the beneficial use
thereof, would not create such privity of estate as would entitle
the lessors to maintain an action against the defendant's intestate
for the rent reserved under the lease, and that the judge there-
fore must find for the defendant.

The judge refused to make this and other rulings requested by
the defendant.  He found for the plaintiff, and also found that
the assignment of the lease, which was not produced in court, was
under seal.    The defendant alleged exceptions.

*J. J. Devine,* for the defendant.

*W. L. Harris,* for the plaintiff.

LATHROP, J.    The right of the plaintiff to recover in this
action depends upon whether the lessor of the plaintiff could have
maintained an action against the defendant's intestate, who was

the assignee of the lease by an assignment under seal, and who did not enter upon the land.

It must be considered as settled law in England that an assignee of a lease who has accepted it is liable for rent, whether he has entered into possession or not. *Pilkington* v. *Shaller*, 2 Vern. 374. *Stone* v. *Evans*, Peake, Add. Cas. 94. *Williams* v. *Bosanquet*, 1 Brod. & Bing. 238, where the matter is elaborately discussed by counsel and considered by the court. This case expressly overrules *Eaton* v. *Jaques*, 2 Doug. 455. The law is so stated in all the late English text books. Fawcett, Land. & Ten. 401. Foa, Land. & Ten. 320. Woodfall, Land. & Ten. (16th ed.) 273.

The English rule seems generally to have been followed in this country. Taylor, Land. & Ten. (8th ed.) § 450. 18 Am. & Eng. Encyc. of Law, (2d ed.) 672, n. 6.

In this Commonwealth, the precise question in the case before us has not been much considered; but we find nothing in the cases in which the liability of an assignee for rent has been discussed which leads us to suppose that an entry is necessary. Thus in *Howland* v. *Coffin*, 12 Pick. 125, where an action of debt for rent was brought by an assignee of the lessor against one who had "purchased" all the rights which the lessee had in the premises, it was said by Mr. Justice Wilde: "The action is founded on a privity of estate between the parties. The defendant took the term subject to all the advantages and disadvantages attached to it by the terms of the lease. The covenant for the payment of rent ran with the land and by the assignment of the term became binding on the defendant."

In *Blake* v. *Sanderson*, 1 Gray, 332, the action was by the lessors against the assignee of a lease, and it was said by Mr. Justice Thomas: "By such assignment and acceptance of the lease, the defendant is bound to the performance of its conditions; and his liability for rent is to be governed by the terms of the lease, and not restricted to actual occupation."

*Simonds* v. *Turner*, 120 Mass. 328, is cited in some text books as authority for the position that an entry by the assignee is not necessary. The action was brought by the lessor against an assignee to recover a betterment assessment paid by the lessor. It does not appear from the case as reported nor from the plain-

tiff's exceptions, which we have examined, whether the assignee had made an entry or not. The defendant took the point on his brief, that, as this fact did not appear, the defendant was not liable. The opinion of the court was delivered by Chief Justice Gray, who, after holding that the betterment assessment was included in the covenant of the lease, and that the assignment had been accepted, held the assignee liable, citing *Williams* v. *Bosanquet*, 1 Brod. & Bing. 238, and *Weidner* v. *Foster*, 2 Penn. 23, in both of which cases an entry by the assignee was held not necessary to be proved in order to bind him.

We are of opinion that these cases show that an entry by an assignee need not be proved; and we should reach the same result, were the question an entirely new one here. An examination of the English cases shows that the difficulty there arose from the fact that the old forms of a declaration in such a case set forth an entry, and the question was whether this must be proved. We do not think, after the long discussion of this question in *Williams* v. *Bosanquet, ubi supra,* that the matter is one of substance.

The case on which the defendant chiefly relies is *Sanders* v. *Partridge*, 108 Mass. 556. But in that case the assignment was not under seal, and while this was held to operate as a transfer of the lease, and to render the assignee liable for rent during possession, it was further held that he could not escape liability by making a formal assignment without changing possession. The case differs essentially from the one at bar.

As the lease was for one year only, neither it nor the assignment needed to be recorded. Pub. Sts. c. 120, § 4.

There was sufficient evidence in the case to show an acceptance of the assignment.

The statute of frauds is set up. The liability of the defendant's intestate is raised by his acceptance of the written assignment, and as between himself and the plaintiff is the primary liability, the plaintiff being in the position of a surety. The plaintiff having been compelled to pay, the law raises an obligation to indemnify him with which the statute of frauds has nothing to do.

*Exceptions overruled.*