## Stone v. Myrtle's Admr.

(Decided April 26, 1912.)

### Appeal from Meade Circuit Court.

1. Judicial Sales—Purchaser Party to Action.—Where one becomes the purchaser at a judicial sale, he is a party to the action in the event the validity of the sale is questioned, or such exceptions are filed to the report of sale as, if sustained, would set it aside.

2. Appeals—Parties.—Upon the confirmation of a judicial sale the purchaser becomes a party to the action and a necessary party to an appeal which affects his title to the land bought by him at the sale.

EUGENE HUBBARD for appellant.

C. C. FAIRLEIGH for appellee.

Opinion of the Court by Judge Miller—Dismissing Appeal.

In this action, brought by the administrator of M. Francis Myrtle against his heirs and creditors, two tracts of land, which belonged to Myrtle at the time of his death, were sold on June 7, 1909, for the purpose of paying his debts, H. N. Bryant becoming the purchaser. Exceptions having been filed to the Commissioner's report of sale, they were, after a hearing, overruled on October 5, 1909, and the sale confirmed. On the next day Bryant paid his purchase money and, under an order of the court, the Commissioner executed to Bryant a deed for the land. The fund was distributed by an order of January 27, 1910, which also discharged the administrator and released his surety.

On October 4, 1911, the appellants, as heirs of M. Francis Myrtle, obtained an appeal through the clerk of this court, pursuant to section 737 of the Civil Code of Practice, against the administrator only, and we are now asked to reverse the judgment which overruled the exceptions and confirmed the report of sale.

The correctness of that judgment can not, however, be reviewed in this appeal against the administrator. Upon the confirmation of the sale, Bryant, the purchaser, became a party to the action, and a necessary party to the appeal which affects the title to the land bought by him. Carter v. Crow's Admr., 130 Ky., 45. This question was before this court in Sanders v. Wade, 17 Ky. Law Rep., 205; 30 S. W., 656; where we said:

"Where one becomes the purchaser at a judgment sale, made by order of the Chancellor, he is a party to the proceeding in the event the validity of the sale is questioned, or such exceptions filed to the report of sale as, if sustained, would set it aside. In all such cases, if a party appeals from the judgment refusing to set aside the sale, the purchaser must be made an appellee, else the sale will not be disturbed."

And in the earlier case of Ball v. Poor, 81 Ky., 31, we used this language:

"As the purchaser of the property is not before the court on this appeal, it is not proper to pass upon the orders of the chancellor confirming the report of sale and ordering a deed made to him."

See also Crockett v. Hanna, 6 J. J. M., 335; Coger v. Coger, 2 Dana, 270; Carlton v. Smith, 110 S. W., 873;

C. & O. R. Co. v. Wiley, 28 Ky. Law Rep., 770; 90 S. W., 558.

As Bryant, the purchaser, has not been made a party to this appeal, it is dismissed.