## KNIGHT v. CLINKSCALES.

No. 5114.   Opinion Filed October 5, 1915.

(152 Pac. 133.)

1. **COVENANTS—Warranty Clause—Construction—Special Assessment.** Section 450, Wilson's Statutes 1903 (section 726, Comp. Laws 1909), in force at the time of the execution and delivery of a warranty deed, after making provisions for special assessments for street improvements in the way of guttering, curbing, and paving the same, in cities of the first class, provides that "said assessment shall be a charge and lien against the property upon which it is assessed, until fully discharged, but, unmatured installments shall not be deemed to be within the terms of any general covenant or warranty" contained in conveyance of such property. **Held,** where a deed was made and delivered on the 22d day of March, 1909, for property against which such special assessment had been made and levied, upon which the first installment or payment did not mature until the 15th day of the following December after the date of said deed, such assessment does not come within the terms of the warranty clause of such deed, which is in the following language: "To have and to hold said described premises unto the said party of the second part, his heirs and assigns forever, free, clear, and discharged of and from all former grants, charges, taxes, judgments, mortgages, and other liens and incumbrances of whatsoever nature."

2. **CONTRACTS—Construction and Validity—What Law Governs.** The laws which exist at the time and place of making a contract, and at the place where it is to be performed, affecting its validity and construction, enter into and form a part of it.

3. **COVENANTS—Warranty Against "Taxes"—Local Assessment.** A local assessment is not a "tax," within the meaning of a covenant of warranty against taxes.

4. **SAME.** The general rule is that, if the covenant or other provision refers only to a "tax," it does not include local assessments.

5. **COVENANTS—"General Covenant of Warranty."** The term "general covenant of warranty," as commonly used, means that the grantor will warrant and defend the title against all claims of all persons.

6. **APPEAL AND ERROR—Dismissal—Grounds.** Appeals should not be dismissed on mere technical grounds or clerical errors, unless they go directly to the jurisdiction of the appellate court.

The labor and expense of preparing a case-made and briefs is no small item, and hardships are very likely to occur by a too free and liberal use of the power of the court to dismiss appeals. It should be used sparingly and only when it goes directly to the question of the jurisdiction of the court to entertain the appeal, or arises because of the apparent carelessness or indifference of counsel or litigant to give proper attention to the case, or failure to comply with the rules of practice of the court.

(Syllabus by Robberts, C.)

*Error from District Court, Craig County;*
*Preston S. Davis, Judge.*

Action by Morris F. Knight against Lucy Clink-scales, administratrix of the estate of A. M. Clinkscales, deceased. Judgment for defendant, and plaintiff brings error. Affirmed.

*Riddle & Bennett,* for plaintiff in error.

*James S. Davenport* and *George B. Denison,* for defendant in error.

Opinion by ROBBERTS, C. ˙ This case comes from the district court of Craig county, and is an action to recover the sum of $1,132.51 as damages for a breach of warranty in the sale of real estate. The parties will be designated plaintiff and defendant herein, the same as they were below.

The plaintiff's petition alleges, in substance, that on the 22d day of March, 1909, the defendant was the owner of certain real estate in the city of Vinita, and on that day he conveyed the same by general warranty deed to the plaintiff for the consideration of $,000. The deed is attached to the petition and made a part thereof. The covenants of warranty, as shown in the deed, and also alleged in the body of the petition, are as follows:

"To have and to hold said described premises unto the said party of the second part, his heirs and assigns

forever, free, clear, and discharged of and from all former grants, charges, taxes, judgments, mortgages, and other liens and incumbrances of whatsoever nature.

"Signed and delivered this 22d day of March, 1909."

The petition further alleges: That on the 21st day of December, 1908, the city of Vinita, by its city council, passed an ordinance providing for a special assessment for street improvements, for curbing, guttering, and paving the streets of said city, and that the amount of said assessment against the property involved was $1,132.51, with interest at 7 per cent. per annum, "to be paid in installments, as follows, to wit: $113.25, on the 15th day of December each year from and after the date of said warranty deed of conveyance." That said assessment is now, and was at the time of the execution and delivery of said deed, a valid existing lien and incumbrance upon said premises in the full amount thereof, with interest. That thereafter, on the 2d day of October, 1909, plaintiff sold said property to the Cherokee Building Company, conveying the same by general warranty, subject to said lien for said special assessment, and by reason thereof the plaintiff was compelled to, and did, deduct the full amount of said special assessment of $1,132.51 from the consideration for which he agreed to sell, and did sell said premises, whereby he was damaged in said amount.

The plaintiff also alleges: That his original grantor has died since the execution of said deed, and the defendant, Lucy Clinkscales, is the legally appointed executrix of his estate. That he presented his claim for damages above mentioned to said executrix, and she refused payment of the same. That no part of said claim has been paid, and there is now due thereon the sum of $1,132.51, for which he prays judgment. After a motion to make

more definite and demurrer to the petition had been filed, and overruled by the court, the defendant answered by general denial and other special answers questioning the legal organization of the city, as well as other like questions touching the validity of the assessment, and contending thereby that said special street improvement assessment was not a lien nor incumbrance in any way upon said property.

The case was tried to a jury, and at the conclusion of the introduction of the evidence on behalf of the plaintiff, upon motion of the defendant, the court directed the jury to return a verdict for the defendant, to which objections and exceptions were saved. Thereupon the jury returned its verdict into court in favor of the defendant, as directed by the court, to which objections and exceptions were saved. Motion for new trial was overruled by the court, exceptions taken, and final judgment rendered in favor of the defendant and against the plaintiff, to which exceptions were saved, and plaintiff brings error.

A number of questions are raised by plaintiff in error, but, as we view it, the case must be determined on one proposition alone, and that is: The petition does not state facts sufficient to constitute a cause of action, but, on the other hand, states facts which plainly show that the plaintiff is not entitled to recover.

A concise statement of the facts alleged in the petition are:

(a) That an ordinance was passed by the council of the city of Vinita, on the 21st day of December, 1908, providing for the special assessment against the property as alleged.

(b) The plaintiff bought the real estate involved on the 22d day of March, 1909.

(c) Plaintiff further alleges:

"That said special improvement taxes [assessment], as hereinbefore alleged, in the sum of $1,132.51, were and are made payable as follows, to wit: $113.51, on the 15th day of December in each year from and after the date of said warranty deed of conveyance."

This is a positive allegation and statement by the plaintiff that there was no installment of said assessment due on the 22d day of March, 1909, at the time the property was conveyed to him.

Section 450, Wilson's Statutes of 1903, and section 726, Comp. Laws 1909, in making provision for the assessments and liens upon the abutting property, specifically state:

"The said assessment shall be a charge and lien against the property upon which assessed, until fully discharged, but unmatured installments shall not be deemed to be within the terms of any general covenant or warranty."

The statute specifically excepts all unmatured installments of such special assessments from the general covenant of warranty in a deed of conveyance. This statute entered into and became a part of the contract of conveyance to the same extent as though it were written out in full in the body of the deed.

Mr. Beach, in his Treatise on the Modern Law of Contracts, at paragraph 734, says:

"The laws which exist at the time and place of making a contract, and at the place where it is to be performed, affecting its validity and construction, enter into and form a part of it."

Now conceding, as we must, this proposition of 'law, what would be the effect upon the deed in question, if that exception were written in the body of the instrument?

Counsel cannot contend that the specific covenant against taxes includes special assessments of the kind involved. That proposition is too well settled to require citation of authorities, but we may be permitted to mention a few.

In *Sanders v. Brown*, 65 Ark. 498, 47 S. W. 461, third paragraph of syllabus, we read:

"A local assessment is not a 'tax,' within an exception of a covenant of warranty of the taxes."

In *Smith v. Abington Savings Bank,* 165 Mass. 285, 42 N. E. 1133, it is said:

"We are of opinion that the exception of 'the taxes assessed for the year 1893' from the covenant against incumbrances did not include an assessment for the construction of a sewer. The whole turn of the phrase indicates the common annual taxes for a particular year, and nothing else. It is not enough to show that the power to levy such an assessment falls under the general power of taxation, or that the assessment is a lien on the land, which it must be in order to constitute an incumbrance; but the question is whether the words chosen by the defendant to limit his liability for incumbrances fairly ought to have conveyed to the plaintiff that he took the risk of something otherwise warranted against in case an assessment should be levied for it during the year 1893."

In volume 1, Page and Jones on Assessments and Taxation, we find this language:

"The general rule is that, if the covenant or other provision refers only to a 'tax,' it does not include local assessments."

In *Chamberlain v. Gleason*, 163 N. Y. 214, 57 N. E. 487, we find:

"A will by which a testator provides that his wife shall pay 'all taxes' assessed against premises of which he constitutes her life tenant does not cast upon her the burden of paying the principal of an assessment laid for paving the street in front of the premises."

Counsel may insist that the phrase "and all other liens and incumbrances of whatsoever nature," contained in the deed, would include a covenant against this special assessment, but we cannot so hold, for the reason that the language imputes a general covenant or warranty, and the statute specifically provides that the unmatured installments shall not be deemed to be within the terms of any general covenant or warranty.

"This term * * * 'general warranty' has been often held by this court to be, in substance, equivalent to the several special covenants in use under the common law, as that one is seised of the land sold, that he has good and perfect right to convey, that the land is free from incumbrances, that the grantee shall quietly enjoy possession, and that the grantor will warrant and defend the title against all claims of all persons." (*Smith v. Jones*, 97 Ky. 670, 672, 31 S. W. 475, 476, citing *Butt v. Riffle*, 78 Ky. 352; *Pryse v. McGuire*, 81 Ky. 608.)

"A general warranty is a covenant for quiet possession." (*Harr v. Shaffer*, 52 W. Va. 207, 211, 43 S. E. 89, 91.)

"A general warranty does not usually extend to defects of apparent or simple inspection, requiring no skill to discover them, nor to defects known to the buyer." (*Meickley v. Parsons*, 66 Iowa, 63, 64, 23 N. W. 265, 266, 55 Am. Rep. 261.)

It is apparent that this special assessment does not come within the terms of a general warranty, and there--

fore is not included within the terms of the covenant of warranty set out in the deed.

Defendant in error filed a motion to dismiss the appeal, based on two grounds:

First.   Because there was no written application filed with the clerk of the court or presented to the court or judge for an order extending the time to make and serve the case-made.   This contention is highly technical, and cannot be sustained.   All the statute requires is that the extension shall be made upon proper showing.   The presumption prevails that such showing was made.

Second.   Because the filing mark on the back of the order shows that it was filed by the clerk the day before the date of the order.

It is apparent from the face of the record that it only involved a clerical error either in the date of the order or the date of the filing.   Evidently the order could not have been filed before it was made.   Appeals should not be dismissed on mere technical grounds or clerical errors, unless they go directly to the jurisdiction of the appellate court.   The labor and expense of preparing a case-made and briefs is no small item, and hardships are very likely to occur by a too free and liberal use of the power of the court to dismiss appeals.   It should be used sparingly and only when it goes directly to the question of the jurisdiction of the court to entertain the appeal, or arises because of the apparent carelessness or indifference of counsel or litigant to give proper attention to the case, or failure to comply with the rules of practice of the court.

This case should be affirmed.

By the Court:   It is so ordered.