## BLYETH et al. v. CAMPBELL.

No. 15367—Opinion Filed Dec. 22, 1925.

**1. Bills and Notes—Defenses to Land Notes—Recoupment by Maker for Paving Assessments According to Oral Agreement.**

C. sued K. C. on promissory notes given as balance of purchase price of real estate sold by B. to K. C., the notes being assigned by B. to C., but subject to all defenses as if in the hands of B. By cross-petition K. C. sought recoupment against the notes for certain paving assessments which B. had agreed to pay as a part of the consideration for the property of K. C. Held, the consideration of K. C. for such recoupment was for money expended under the executed oral agreement in payment of special assessments against the lots purchased by K. C. from B.

**2. Same—Parol Evidence of Agreement.**

Under paragraph 1, supra, parol evidence is admissible to prove such executed oral agreement of B. to pay such paving taxes, or to recoup K. C. therefor.

**3. Disposition of Cause.**

The instructions of the court were consonant with paragraphs 1 and 2, supra, and therefore correct; there being no prejudicial error otherwise, the judgment is affirmed.

(Syllabus by Williams, C.)

Commissioners' Opinion, Division No. 2.

Error from Superior Court, Okmulgee County; J. H. Swan, Judge.

Action by E. A. Cook against Kate D. Campbell and Daisy Blyeth. Judgment for Campbell, and the other parties bring error. Affirmed.

A. E. Graham, A. W. Anderson, and T. F. Shackelford, for plaintiff in error.

A. L. Emery, for defendant in error.

Opinion by WILLIAMS, C. E. A. Cook sued Kate D. Campbell to recover on five promissory notes which were a part of a balance of 15 notes of $100 each, given as part consideration for two lots, said notes being secured by a mortgage on said lots in the city of Henryetta, purchased by Kate D. Campbell from one Daisy Blyeth, the notes and the mortgage having been, subsequent to the execution thereof, sold by Daisy Blyeth to E. A. Cook.

The defendant admits the execution of

the notes and mortgage. It is conceded that E. A. Cook purchased the notes after maturity, and that the same are subject to such defenses as if in the hands of Daisy Blyeth. The defendant further states and alleges that as a part of said transaction, and as a consideration for the execution of the notes and mortgage, Daisy Blyeth represented to Kate D. Campbell that the property was clear of all incumbrances, taxes, and special assessments, and on such representations the property was purchased by her; that sometime prior to the transaction, the street fronting on the property had been paved, and that Daisy Blyeth represented to her that the paving had not been accepted by the city of Henryetta, and further represented that in case any paving tax became due or payable upon the property and she was required to pay the same, the amount of the taxes might be deducted from the notes to become due, and that on said representations she purchased the property; that after the execution and delivery of the notes, mortgage, and deed referred to, Kate D. Campbell learned that the representations made were false, and that the city of Henryetta, a few days prior to the execution, had accepted the pavement, and that the assessments were at that time a lien on the property; that by reason of such representations, the defendant is entitled to a set-off against the notes for the amount due on the special assessments. The plaintiff replied by general denial. On May 1, 1923, on the cross-petition of Kate D. Campbell, Daisy Blyeth was made a codefendant, and in the cross-petition of Kate D. Campbell, she alleges that she agreed to pay $4,500 for the lots because Daisy Blyeth agreed to pay the paving taxes, and further alleged that she never would have purchased the lots for such sum had not Daisy Blyeth agreed to pay the paving taxes thereon, and had she not agreed that in case Kate D. Campbell had to pay any of the assessments the same might be deducted from the notes sued upon. The case was tried to a jury, and a verdict in favor of Kate D. Campbell was rendered for $915.47, the amount of said special assessments, less the amount of the notes sued upon.

The decisive questions, and the only ones presented and argued by the plaintiff in error, and which dispose of the assignments of error, are: (a) That the court erred in admitting parol testimony to vary the terms of a written instrument, to wit, the warranty deed in this case. (b) That the court erred in giving instructions numbered 2 and 3 to the jury.

Counsel does not question the fact that

the agreement as to the special assessments was made, but contends that parol evidence was inadmissible to establish such defense. In support of this contention counsel cites numerous authorities. As an abstract proposition of law, we agree with counsel. However, his authorities are not applicable to the instant case. The case of Knight v. Clinkscales, 51 Okla. 508, 152 Pac. 133, cited by plaintiff in error, has no application to the instant case. In that case Knight conveyed by warranty deed to Clinkscales certain real estate, the deed of conveyance containing the general covenant of warranty. Afterward, the grantee was compelled to and did pay certain paving assessments, and sued the grantor for the amount so paid on covenant of warranty contained in the deed. In the Knight-Clinkscales Case no contention was made, as in the instant case, that there was an agreement between the grantor and the grantee that the grantor would pay the same. In the instant case the claim of the defendant in error is based on an agreement to pay money, and not on a breach of warranty. We know of no proposition of law, nor has our attention been called to any by the defendant in error, prohibiting the establishing of such defense by parol testimony.

The instructions complained of are as follows:

"You are instructed if you find from a fair preponderance of the evidence in this case that at the time the notes and mortgage sued on were executed by the defendant, Kate D. Campbell, in part payment of the property purchased from Daisy Blyeth, there was a contemporaneous oral agreement between the parties, that if any paving taxes were assessed against said property, said amount should be deducted by defendant from the amount of the promissory notes to be paid by her, and you further believe that the defendant would not have purchased said property without said agreement and understanding, then your verdict should be for the defendant, Kate D. Campbell, against her codefendant, Daisy Blyeth, for the amount of said taxes. If you find from the evidence there was no such contemporaneous agreement, your verdict must be against the defendant. In this connection you should remember that the burden of proving the contemporaneous oral agreement is upon the defendant to establish the same by a fair preponderance of the evidence.

"In order to arrive at your verdict in this case, there is only one question for you to answer, and that is. Did Daisy Blyeth agree with Kate D. Campbell to pay the paving taxes against the property involved in this action? If you find from the evidence that Daisy Blyeth did agree

to pay the paving taxes, then your verdict will be for Kate D. Campbell and against Daisy Blyeth for $915.47, with interest thereon at seven per cent. per annum, from February 20, 1920, and against the plaintiff E. A. Cook, for the cancellation of the notes sued on, and the defendant Daisy Blyeth is entitled to credit on the judgment for the amount of the notes in question and interest; if you find that the said Daisy Blyeth did not agree to pay the paving taxes, then your verdict will be for the plaintiff and against Kate D. Campbell for $500, with interest thereon at eight per cent. per annum from January 15, 1921, and $75 as an attorney fee."

We find that the foregoing instructions embrace the law applicable to the facts as disclosed by the evidence, and since this is true, there was no error in refusing to give the contrary instructions requested by the plaintiff in error.

The cause is therefore affirmed.

By the Court: It is so ordered.

Note.—See under (1) 8 C. J. p. 803, § 1062. (2) 22 C. J. p. 1259, § 1678. (3) 4 C. J. p. 1130, § 3122.