MARTIN ITTNER v. WILLIAM T. ROBINSON ET AL.

[FILED JULY 1, 1892.]

1. **Appeal:** IDENTITY OF ISSUES. Where a cause has been appealed to the district court and an amended petition filed which contains the same cause of action set forth in the court below, but the facts are set out more in detail, a motion to strike the new matter from the petition *held* to be properly overruled.

2. **Lease:** CONTRACT BY LESSEE TO PAY TAXES DOES NOT INCLUDE SPECIAL ASSESSMENTS. While in a general sense the word "taxes" includes special assessments, and special assessments are made under the taxing power, yet there is a clear distinction between the two; special assessments are a peculiar class of taxes which are laid upon property benefited according to some equitable rule, while taxes, as generally understood, mean the burdens imposed by the government for state, county, city, township or school district purposes; in other words, the money necessary to defray the expenses of government. A promise by a lessee of real estate to pay all taxes upon the property does not apply to special assessments for the construction of a sewer.

ERROR to the district court for Douglas county. Tried below before DAVIS, J.

*Winfield S. Strawn*, for plaintiff in error, cited : *Cassady v. Hammer*, 62 Ia., 359; *In re Mayor*, 11 Johns. [N. Y.], 77; *Blake v. Baker*, 115 Mass., 188; *Love v. Howard*, 6 R. I., 116; *Municipality v. Ourell*, 7 La., 203; *Beals v. Rubber Co.*, 11 R. I., 381.

*Switzler & McIntosh*, contra, cited : *Second Universalist Soc. v. Providence*, 6 R. I., 235; *In re College St.*, 8 Id., 474; *In re Dorrance St.*, 4 Id., 230; *Jeffrey v. Neal*, 6 L. R., C. P. [Eng.], 240; *Tidswell v. Whitworth*, 2 Id., 326; *Barrett v. Duke of Bedford*, 8 Term Rep. [Eng.], 602; *W. & St. P. R. Co. v. Watertown*, 44 N. W. Rep. [S. Dak.], 1072; *R. Co. v. Lynchburg*, 81 Va., 473; *Norfolk v. Ellis*, 26 Gratt. [Va.], 224; *King v. Portland*, 2 Ore., 156; *Manning v. Klippel*, 9 Id., 373; *Inhabitants v. Morton*, 25 Mo., 593; *Weeks v. Milwaukee*, 10 Wis., 242; *Hill v. Higdon*, 5 O. St., 243; *Twycross v. R. Co.*, 10 Gray [Mass.], 293; *Blake v. Baker*, 115 Mass., 188.

MAXWELL, CH. J.

This action was brought by the plaintiff against the defendant to oust the defendant from the possession of certain real estate. A demurrer to the petition was sustained and the action dismissed. The petition is as follows:

"Now comes Martin Ittner, guardian of the minor heirs of Benjamin Ittner, deceased, and states that he is such guardian and duly qualified as such, and that he was formerly the administrator of Benjamin Ittner, deceased, and for complaint against the defendants William T. Robinson and ——— Hardin, real name unknown, and Hardin & Robinson states that * * * the minor heirs of Benjamin Ittner, deceased, * * * are as follows : Horace H. Ittner, Ernest A. Ittner, and Henrietta Maud Ittner.

"Plaintiff states that said minors are seized in fee-simple of an interest in nine acres of land, more or less, in the northwest quarter of the southwest quarter of section

10, in township 15 north, of range 13 east, with the appurtenances thereunto belonging, and numbered as lot 55 for taxable purposes, but not including the brick house and about two acres of land occupied by Mrs. Ittner, wife of deceased, in 1881, all in Douglas county, state of Nebraska, and avers that they are entitled to the possession thereof. Plaintiff says that on or about the 23d day of March, 1881, plaintiff, who was their said administrator, leased said premises to one Edward Reed for the term of twelve years, which lease has since been assigned by said Edward Reed to the defendants, who entered into the possession thereof, and are now in possession. Plaintiff says that in said lease are found the following conditions, which plaintiff claims are binding upon defendants, as follows, viz.: 'And the said Edward Reed, in consideration of the leasing aforesaid, doth agree to pay as rent for said premises the sum of $150 per annum, payable semi-annually in advance, for the period as aforesaid, together with all taxes that may be assessed against said premises during the continuance thereof.' It was further provided in said lease that it is agreed that the estate shall not be liable for the costs of any improvements or repairs put upon the place, or for any damage for opening streets through the premises by the city or otherwise. It was further provided in said lease that it is expressly agreed and understood by and between the parties hereto that in case the rent above reserved, or any part thereof, be not paid at the time the same becomes due and payable, or if any other condition or agreement herein contained on the part or behalf of the said Edward Reed be not by him fully complied with and performed, then and in that case the said Ittner, or his successors in authority, shall have the right, at his option, to declare this lease at an end and thereby cancel and annul the same and retake immediate possession of said premises and to put out and remove any person occupying the same. It was also provided in said lease that the cov-

enants and agreements in this lease shall succeed to and be-
binding upon the respective heirs, executors, administrators,
and assigns of the parties hereto.   Plaintiff says said lease
was recorded the same day of its execution and delivery, in.
the office of the county clerk of said county, and before-
the assignment thereof from said Reed to defendants.

"Plaintiff says that the sewer tax in district No. 79
of the city of Omaha has been assessed and levied on the-
said premises and became delinquent on February 3, 1889,
and is still due and unpaid, and plaintiff has requested the-
defendants to pay the same, but they have failed and re-
fused so to do, and now refuse so to do, being liable there-
for, as plaintiff claims, under the covenants in said lease-
contained as above set forth.   Plaintiff says that on or-
about August 31, 1889, he notified the defendant Robin-
son personally that unless that tax was paid by said.
defendant, that he should cancel the lease and take posses-
sion of said premises; that said defendants have refused to.
pay said tax, after said Harding has promised to do so, and
by reason of the premises they now, and at the commence-
ment of this suit, unlawfully and forcibly hold over their-
term.

"Plaintiff says that on the 31st day of August, 1889,
plaintiff served upon the defendant a notice, in writing, to.
leave the said premises.   Plaintiff says said taxes are a lien
on said premises.   Plaintiff asks restitution of said prem-
ises and costs of suit."

A motion was made to strike out certain parts of the-
petition upon the ground that this being an appeal case it
must be tried substantially upon the same issues as in the·
court below.   The matter objected to does not change the
cause of action.   It is simply a more detailed and definite-
statement of the facts on which the plaintiff bases his claim
for relief.   This, in certain cases, is admissible.   The mo-
tion therefore was properly overruled.

Second—The principal contention of the plaintiff is, that,

the provision in the lease, that the lessee or his assignee should pay "all taxes that may be assessed against said premises during the continuance" of the lease, includes special assessments.

Judge Cooley says: "Special assessments are a peculiar species of taxation, standing apart from the general burdens imposed for state and municipal purposes, and governed by principles that do not apply generally. The general levy of taxes is understood to exact contributions in return for the general benefits of government, and it promises nothing to the persons taxed, beyond what may be anticipated from an administration of the laws for individual protection and the general public good. Special assessments, on the other hand, are made upon the assumption that a portion of the community is to be specially and peculiarly benefited, in the enhancement of the value of property peculiarly situated as regards a contemplated expenditure of public funds; and in addition to the general levy, they demand that special contributions, in consideration of the special benefit, shall be made by the persons receiving it." (Cooley on Taxation, 416.)

He also says: "Some of the cases assume the narrow ground that the constitutional provisions refer solely to state taxation, or that, if they go further to the general taxation for state, county, and municipal purposes, but the view generally expressed is, that though assessments are laid under the taxing power, and are in a certain sense taxes, yet that they are a peculiar class of taxes, and not within the meaning of that term as it is usually employed in our constitutions and statutes. Others are rested on both reasons. (Id., 436.)

A leading case on this question is *Matter of the Mayor, etc., of N. Y.*, 11 Johns. [N. Y.], 77. In that case, the statute of New York exempted churches or places of public worship from being taxed by any law of the state. It was held that this exemption applied only to general and public

taxes and did not include assessments of the benefit result-
ing to the property from opening and enlarging public
streets.

In *Bleecker v. Ballou,* 3 Wend. [N. Y.], 263, a tenant took
a lease of certain real estate for twenty-one years and cove-
nanted "to pay all taxes, charges, and impositions" which
could be imposed upon the demised premises during the
term.    It is said "there is no doubt the assessment in ques-
tion is not a tax, that being a sum imposed as is supposed for
some public benefit."    It was held, however, that the words
"charges and impositions" included assessments, and
hence that the lessee was liable for the same.    The question
was very ably reviewed by the supreme court of South
Dakota in *Winona, etc., R. Co. v. City of Watertown,* 44 N.
W. Rep. [S. D.], 1072.    In that case a territorial statute
exempted the property of the railway from "all taxation."
It was held that the real estate of the company was not
thereby exempted from an assessment for local municipal
improvement, and that such an assessment was not taxation
within the meaning of the grant.

It will be conceded that the power to levy special assess-
ments is derived from the taxing power of the government,
but the word "taxes" without more is not generally under-
stood to include assessments.    In the case at bar the de-
fendants agreed to pay a certain amount of rent semi-
annually, and to pay the taxes upon the property.    Had
the parties intended that the defendants should pay for the
construction of a sewer or other improvements which would
greatly enhance the value of the property, no doubt they
would have so provided.    In our view, the agreement to
pay taxes included simply the ordinary taxes upon the
property, and did not include special assessments for the
construction of sewers.    The judgment of the district court
is right and is

                                        AFFIRMED.

THE other judges concur.