SERAPH M. CHAMBERLIN, Respondent, *v.* ELLA V. GLEASON
et al., Appellants, Impleaded with Others.

THE CITY OF OLEAN et al., Respondents.

1. ASSESSMENT FOR PAVING — WHEN PAVING IS A PERMANENT
IMPROVEMENT. An assessment for street paving must be deemed an
assessment for a permanent improvement, as between a life tenant and
the remaindermen, where the charter of the city in which the paving has
been done provides that the expense of repairing it shall be paid by gen-
eral tax.

2. EQUITY — APPORTIONMENT BETWEEN LIFE TENANT AND REMAIN-
DERMEN. Where the city is proceeding to sell premises, assessed to a
life tenant, for her default in failing to pay an installment of such an
assessment, equity may be invoked by her and will apportion the assess-
ment by imposing the principal upon the remaindermen and compelling
the life tenant to pay only such interest thereon as becomes due and pay-
able during her lifetime.

3. WILL — DIRECTION TO PAY "ALL TAXES" DOES NOT INCLUDE A
PAVING ASSESSMENT. A will, by which a testator provides that his wife
shall pay "all taxes" assessed against premises of which he constitutes
her life tenant, does not cast upon her the burden of paying the principal
of an assessment laid for paving the street in front of the premises.

*Chamberlain* v. *Gleason*, 20 App. Div. 624, affirmed.

(Argued April 25, 1900; decided June 5, 1900.)

APPEAL from a judgment of the Appellate Division of the
Supreme Court in the fourth judicial department, entered
August 18, 1897, affirming unanimously a judgment in favor
of plaintiff entered upon a decision of the trial court, apportion-
ing an assessment for paving, authorizing the city to collect it
as apportioned, and enjoining the city from collecting of the
plaintiff except as apportioned.

The proper authorities of the city of Olean, pursuant to
the provisions of its charter, in 1893 caused Barry street to
be paved. The plaintiff then was and since has been the
occupant as tenant for life, under the will of her deceased
husband, of a lot abutting upon Barry street. Each of the
appellants Gleason and Pancoast is, under the same will, the
owner in remainder of one undivided third of the same lot.

The defendants, the owners in remainder of the other one-third, do not appeal. The plaintiff's name appeared upon the general assessment roll as the owner of the lot, and the names of the remaindermen did not appear. The charter of the city (Laws 1893, ch. 478, sec. 98) provides that the expense of such paving "shall be assessed to and be paid by the owners of property lying along and adjoining such street on each side thereof. The assessment shall be made by the assessors of said city and they shall proceed in the same manner as is prescribed in this act for making sewer assessments, except as hereinafter modified (in respect of street railroads). Each lineal foot of property shall pay its proportion of the total cost, and one lineal foot shall not be assessed a greater or less amount than another."

Section 88 relates to sewer assessments and provides as follows : " It shall be the duty of the assessors to proceed forthwith and assess said amount upon the land and real property lying upon or adjoining that portion of said street or alley along which said sewer or drain has been constructed." The section also provides for the publication of a notice and a day for correction, and that after such correction and confirmation such assessment shall be a lien and charge upon the property so assessed.

The entire assessment chargeable to the lot in question was levied against the plaintiff. It was made payable in ten equal annual installments with interest.

Section 110 of the charter provides that " All taxes and assessments charged upon real estate, including those for local improvements, shall be a lien upon the same from the time of completing the tax roll therefor, and such lien shall be prior and superior to all other liens and incumbrances."

The defendant, the city clerk, pursuant to the charter and the direction of the common council, was proceeding to enforce by sale of the lot the payment of the first installment and interest thereon when the plaintiff brought this action, and procured judgment upon the trial at Special Term, adjudging that the plaintiff pay " whatever interest becomes due and

payable upon said assessment or any portion thereof during her lifetime," and that the appellants each pay one-third of " whatever sum or sums, installment or installments, which become due and payable during the lifetime of the plaintiff," and the defendants, the owners of the other undivided one-third, pay the other third thereof, and also that the assessment was a lien upon the premises and said remaindermen were liable therefor " except whatever interest may become due and payable during the lifetime of the plaintiff." Whether the interest is payable annually or upon each installment when the principal thereof falls due is not clear from the record, the provision of the judgment being " accordingly with the provisions and conditions of the bonds or other obligations issued by the city of Olean, for the payment of said assessment." The record shows the due issue of such bonds, but not when they promise payment of interest. Section 113 of said charter provides that " Whenever any real estate in said city is owned by two or more persons jointly, or as tenants in common, a notice served on one of such persons shall be sufficient notice to all, and for any and all purposes requiring a notice under this act."

*J. H. Waring* for appellants. The assessors acted judicially in the exercise of a special jurisdiction conferred on them by law and, as they observed all the statutory requirements, their assessment had the effect of a judgment. It might have been reviewed by certiorari, but it cannot be attacked collaterally even if erroneous. (*M. L. Ins. Co.* v. *Supervisors*, 2 Abb. [N. S.] 233; *Swift* v. *City of Poughkeepsie*, 37 N. Y. 511; *Matter of McLean*, 138 N. Y. 158; *Guest* v. *City of Brooklyn*, 69 N. Y. 506.) Imposing an assessment for a local improvement is in derogation of the citizen's common-law rights, and it can only be done by strictly following every statutory requirement, and when a statutory mode is provided it is exclusive. (*Matter of S. A. M. E. Church*, 66 N. Y. 395; *Newell* v. *Wheeler*, 48 N. Y. 486; *Merritt* v. *Vil. of Port Chester*, 71 N. Y. 309; *Stebbins* v. *Kay*, 123 N. Y. 31;

*Matter of N. Y., L. E. & W. R. R. Co.*, 110 N. Y. 374.)
The right to contribution depends on the fact that a common
burden resting equally on several has been removed by the
plaintiff. The existence of a liability on those made to con-
tribute must be shown. (*Aspinwall* v. *Sacchi*, 57 N. Y. 331;
*Thomas* v. *Evans*, 105 N. Y. 601; *Herne* v. *Bd. Levee Com.*,
87 U. S. 665; *Rees* v. *Watertown*, 86 U. S. 107.) By the
terms of the will the plaintiff is obliged to pay the assessment
in question. (*Chrystie* v. *Phyfe*, 19 N. Y. 344; *Matter of
Wescott*, 16 N. Y. S. R. 286; *Peck* v. *Sherwood*, 56 N. Y.
615.) Plaintiff should be required to pay to the city the
interest on the full assessment each year as long as she lives
until the last installment is paid, and after that to the owners
in remainder during the balance of her life. (*Cogswell* v.
*Cogswell*, 2 Edw. Ch. 231; *Bates* v. *Underhill*, 3 Redf. 365.)

*C. S. Cary* and *Henry Donnelly* for respondent. The
remaindermen should pay the principal of the incumbrance.
(*Peck* v. *Sherwood*, 56 N. Y. 617; *Thomas* v. *Evans*, 105
N. Y. 611; 84 Hun, 476; 82 Hun, 108; *Cairns* v. *Chabert*,
3 Edw. Ch. 312; *Stillwell* v. *Doty*, 3 Bradf. 359; 2 Redf.
349; 3 Redf. 69; 1 Tuck. 346.) The life tenant is simply
required under the law to pay the interest on the incumbrance.
(2 Desty on Tax. 695; Burroughs on Tax. § 223; Cooley on
Tax. § 288; 30 Penn. St. 327; 22 Me. 331; 106 Mass. 544.)
Such an incumbrance is not a tax within the ordinary mean-
ing of that term. (*Mayor, etc.*, v. *Boyd*, 64 Md. Ct. of App.
10; 20 Atl. Rep. 1028; 7 Md. 517; 59 Md. 378.) It is
within the province of a court of equity to apportion the
incumbrance between parties who ought to pay the same.
(105 N. Y. 611; 1 Washb. on Real Prop. 130; 2 Washb. on
Real Prop. 209; *Matter of Cornell*, 17 Misc. Rep. 468;
*Marsh* v. *City of Brooklyn*, 59 N. Y. 282; *Sanders* v. *Vil.
of Yonkers*, 63 N. Y. 492.)

*Allen J. Hastings* for the City of Olean et al., respondents.

LANDON, J. The city has not appealed, and we assume that it is content with the judgment. As between the city and the remaindermen, the city did not take the statutory steps to make this assessment against them personally, and did not assume to levy it against their respective interests in the lot in question. It assumed the plaintiff to be the owner of the lot. The tenant for life and the remaindermen are not tenants in common, since the possession of the tenant for life is exclusive of like possession by the remaindermen, and unity of possession, or promiscuous occupation, or the right to it, is one essential of tenancy in common. (2 Blk. Com. 191 ; 4 Kent, 367; *Sullivan* v. *Sullivan*, 66 N. Y. 37; *Cromwell* v. *Hull*, 97 N. Y. 209 ; *Hughes* v. *Hughes*, 30 Hun, 349.)

But the city did regularly make the assessment against the plaintiff personally, and the charter makes the assessment a lien upon her interest in the lot, and provides for the sale thereof for a term of years after default in payment of any installment, and this sale the city was proceeding to make. It is not urged that the plaintiff has any ground upon which to vacate the assessment, or prevent the sale, except by payment.

The remaindermen do not complain that the plaintiff has failed in her duty to them in not bringing their respective interests to the notice of the assessors. They were willing that the whole burden should fall upon her, and but for the interposition of equity, which takes cognizance of the facts which the assessment record does not disclose, it would so fall. In equity between herself and them she was only liable with them ratably according to their several interests and several benefits from the paving, the proper share of each one's liability being dependent upon the unknown duration of the plaintiff's life and the life of the improvement.

The plaintiff can have no relief at law. The charter provides that the expense of the repairs of the pavement shall be paid by general taxation, and thus the improvement becomes permanent in its nature. The general rule is that municipal assessments for permanent improvements are apportionable

between the life tenant and the remaindermen according to the circumstances of the case and their respective interests in the property. (*Thomas* v. *Evans*, 105 N. Y. 601; *Peck* v. *Sherwood*, 56 N. Y. 615.)

Unless the creator of the several estates has otherwise provided, the life tenant should pay the usual current charges, such as ordinary taxes, interest and repairs, and the remaindermen the unavoidable charges for permanent improvements. (*Matter of Albertson*, 113 N. Y. 434; *Stevens* v. *Melcher*, 152 N. Y. 551.)

In equity the remaindermen's share of the burden should not rest upon the plaintiff in the first instance, but upon them, and they should discharge it lest the whole burden prove greater than the plaintiff can bear without irreparable injury to her life estate.

The will of the testator, under which the life tenant and remaindermen derive title, provides: " My wife (the plaintiff) shall pay all taxes assessed against said house and lot during her lifetime, and also all premiums for insurance of said house not only for her interest as a life tenant but also her interest as mortgagee." The testator also provided that the plaintiff be paid twelve dollars per week out of his estate, the same to be secured by a mortgage to be given by the remaindermen upon the house and lot in question.

We think the testator did not intend to include assessments for permanent improvements in the word taxes as used by him in the will. (*Peck* v. *Sherwood*, *supra*.) It is not clear from the judgment whether the interest payable upon each installment is deferred until the principal shall become due, as the record does not show what is the promise of the bonds issued by the city to pay for the improvement as to the time of the payment of interest. We assume that the effect of the judgment is that the plaintiff must pay or provide for the payment of the interest which accrues during her life while the principal of the installment is maturing.

The appellants urge that the plaintiff ought to be charged in favor of the remaindermen with the interest upon the entire

assessment during her life, since she is in the enjoyment of the property. (*Cogswell* v. *Cogswell*, 2 Edw. Ch. 231; *Bates* v. *Underhill*, 3 Redf. 365; *Cairns* v. *Chabert*, 3 Edw. Ch. 312.)

The whole assessment is $459.37; the plaintiff was sixty-nine years of age at the time of the trial, and it does not appear that the item of interest during her life, after payment of the principal, was deemed of sufficient importance to be brought to the notice of the court.

The judgment should be affirmed, with costs to the plaintiff against the appellants.

PARKER, Ch. J., O'BRIEN, BARTLETT, HAIGHT, MARTIN and VANN, JJ., concur.

Judgment affirmed.