(70 App. Div. 312.)

### PELTZ v. LEARNED et al.

(Supreme Court, Appellate Division, Third Department. March 5, 1902.)

WILLS—TRUSTEE—INCOME—LOCAL ASSESSMENTS—PAYMENT—FUND.

> A testator left certain real estate and personal property to a trustee to pay the income to testator's daughter during life, and on her death to convey the property as she should direct in her will, or, if she made no such direction, to her issue then living. The real estate was thereafter assessed for local improvements. *Held*, that the trustee should pay such assessments out of the principal in his hands, and not out of the income.

Submission on agreed facts of question between John De Witt Peltz, as trustee under the will of Billings P. Learned, deceased, and Harriet W. Learned and others, as to the construction of such will. Will construed.

Argued before PARKER, P. J., and KELLOGG, SMITH, CHASE, and FURSMAN, JJ.

Martin T. Nachtman, for plaintiff.
Learned Hand, for Harriet W. Learned.
William L. Learned, for Lydia Hand and others.

FURSMAN, J. In and by his last will Billings P. Learned gave, devised, and bequeathed to Leonard G. Hun, in trust, certain real estate situate in the city of Albany, to receive the income, rents, issues, and profits thereof, and pay the same over to his daughter, Harriet, during her life. By the terms of the will the trust is to cease at her death, and thereupon the trustee is to convey and assign the property to such person or persons as she may by her last will appoint, and in case she fails to exercise this power of appointment the same is to go to her issue then living. It appears from the statement submitted that under the third subdivision of the residuary clause of the will there has come into the hands of the trustee certain personal property, which is held by him upon the same trust as the real estate above mentioned. John De Witt Peltz has been substituted as trustee in the place of Hun. Harriet is 44 years old, and unmarried. The city of Albany has constructed certain sewers and put down certain vitrified brick pavements along the streets upon which the various parcels of real estate are situated, and, as authorized and empowered by law to do, has levied assessments for the expense thereof upon such real estate. Under the charter some of these assessments may be paid in installments, interest being chargeable on the deferred payments, and that course has been pursued by the trustee. On these facts we are asked to determine whether these assessments should be paid out of the principal of the trust estate or out of the income derived therefrom, and whether an apportionment should be had between the principal and income. We think the sewers and pavements must be considered to be permanent improvements. The law which authorizes the cost of their construction to be assessed upon the property "deemed to be benefited thereby" proceeds upon the assumption that it is thereby made of greater permanent value. While it is true that sewers and pavements will wear out with time and use, the same is equally true of almost all material structures, and it seems to be the rule now that new structures added to the land, which are of a beneficial character, are to be regarded as permanent improvements. As between the owner and the city, the land is primarily liable for the assessments, since such assessments are made liens thereon, and the land may be sold to pay them; but as between the life tenant, who has the present beneficial estate, and the remainder-man, to whom the land is to ultimately come, equity will sometimes apportion the cost of such improvements as are here involved. Thomas v. Evans, 105 N. Y., at page 611, 12 N. E., at page 574, 59 Am. Rep. 519. In Peck v. Sherwood, 56 N. Y. 615, there was a municipal assessment for flagging a sidewalk, and the court held that the cost should be apportioned between the life tenant and remainder-man; and in Stillwell v. Doughty, 2 Bradf. 311, a like apportionment of the cost of a sewer was upheld. There is, however, no fixed rule. Each case must depend on its own circumstances. Chamberlin v. Gleason, 163 N. Y., at pages 218, 219, 57 N. E., at page 489. In the present case, however, there is no remainder-man in existence. Harriet has the whole income during her life, and may dispose of the body of the estate by will; for this is the effect of the direction to the trustee contained in the will of Billings Learned to convey the property at her death to such person as she may by her

will appoint. Failing this, it is to go to her children. Failing both, it is undisposed of by the will. It was apparently given to the trustee for her use and benefit. It may be assumed also that he fully understood that in the city of Albany sewers and street improvements were likely to be constructed, and that the law charged the expense of this construction against the real estate benefited. I think, therefore, that it may be justly concluded that his intention was that the body of the estate should bear these expenses, so that her income should not be lessened, except as it must necessarily be lessened by diminishing the source from which it is derived. The suggestion that this must reduce in value the property that is ultimately to go to whoever may be entitled is met by the legal presumption that the real estate is bettered to the extent of the cost of the improvement assessed against it. It seems to me that the question presented is of little practical importance in this case. Whether the whole cost of these improvements is cast upon the principal, or apportioned between the principal and income, the life tenant must suffer a loss, because in the one case the source of her income is diminished to the full extent of the cost, and in the other both the source of the income and the income itself are lessened. It is altogether uncertain to whom the principal will go in the end, and under the peculiar circumstances of this case I am inclined to the opinion that the intent of the testator will be effectuated and substantial justice accomplished by charging the whole sum against the principal.

Judgment ordered in conformity with the opinion handed down. All concur.