MAYER et al. v. CHANDLER

No. 4500.   Decided May 23, 1927.   Rehearing Denied September 20, 1927.   (259 P. 406.)

*Clawson & Elsmore,* of Salt Lake City, for appellant.

*Allen T. Sanford,* of Salt Lake City, and *Samuel G. Clawson,* of Chicago, Ill., for respondents.

STRAUP, J.

In November, 1924, the plaintiff, for another, and the defendant entered into a written contract, by the terms of which the defendant sold to the plaintiff certain described real estate in Salt Lake City for the sum of $20,000 upon a down payment and the balance of the purchase price to be paid in installments. By the contract the defendant was required to give a warranty deed and place it in escrow to be delivered to the plaintiff on payment of the last installment. Such a deed was made and put in escrow. The contract provided that:

"The vendor shall deliver to the vendee before delivery of the deed an abstract of title brought down to date, which shall show that the vendors are at this time the owners of the fee-simple record, marketable title of the real estate hereinabove described; free and clear of liens or incumbrances, and free and clear of any transfer or incumbrance hereafter made by the vendors, and the vendors shall pay all taxes of every character payable during the year 1924 or prior thereto, and the vendee shall pay all taxes arising or becoming due after the year 1924."

In May, 1925, and before the expiration of the contract, the plaintiff sold the property to another and paid the whole of the unpaid purchase price on the contract, whereupon the deed was delivered to him. Then, as claimed by him, he discovered that in 1919, a special or local assessment for paving was levied by Salt Lake City against the property, payable in annual installments. The paving and improvements were made and in use when the contract was entered into. On May 1, 1924, the defendant paid the installments due January 9, 1923, and January 9, 1924, before the contract for the sale of the real estate to the plaintiff was entered into. Admittedly the unpaid assessments constituted a lien and an incumbrance on the property. What divides the parties with respect thereto is this: Because of the provision in the contract, "the vendee shall pay all taxes arising or becoming due after the year 1924," the defendant contends that plaintiff thereby had agreed to pay all of the annual assessments after the year 1924; on the other hand, the plaintiff contends that the words "all taxes" in the clause include only general taxes, state, county, and city, but not assessments for special improvements or special taxes, and hence by such language he had agreed to pay only general taxes arising and becoming due after 1924. The defendant refused to pay any of the unpaid assessments subsequent to 1924, and thus to discharge the property from the lien or incumbrance; the plaintiff paid them, amounting to $1,288, and then brought this action to recover back the amount of money so paid by him. The court ruled with

the plaintiff and gave him judgment for such amount and interest.

At the time the contract for the sale of the real estate was entered into, the defendant also sold to the plaintiff 21 horses and other personal property and gave a bill of sale with the usual warranties, which also was put in escrow, to be delivered to the plaintiff upon the payment of the last installment of the purchase price. When the sale was made and the bill of sale put in escrow, there was an agister's lien on 7 of the horses then in the possession of the agister, amounting to $136, which the plaintiff was required to pay to get possession of the horses. So, in another count, the plaintiff prayed to recover from the defendant, also, the amount of such lien. The court gave plaintiff a judgment accordingly.

The defendant appeals from both rulings. We think no error was committed in either ruling. As to the first, we are of the opinion that the language in the contract, "the vendee shall pay all taxes arising or becoming due after the year 1924," did not include special or local assessments against the property or special taxes. 15 C. J. 1274; 1 Page and Jones, Taxation by Assessment, § 49; *Alderson* v. *Houston*, 154 Cal. 1, 96 P. 884; *Pettibone* v. *Smith*, 150 Pa. 118, 24 A. 693, 17 L. R. A. 423; *Ittner* v. *Robinson*, 35 Neb. 133, 52 N. W. 846; *De Clercq* v. *Barber Asphalt Paving Co.*, 167 Ill. 215, 47 N. E. 367; *Smith* v. *Abington Sav. Bank*, 165 Mass. 285, 42 N. E. 1133; *Chamberlin* v. *Gleason*, 163 N. Y. 214, 57 N. E. 487.

A further claim is made that the parties themselves treated such language to mean that the plaintiff, and not the defendant, was to pay such unpaid assessments. There is no such ambiguity of the language as to require a resort to conduct of the parties to properly interpret its intended meaning. And then there is not anything in the evidence to show that the parties, by their conduct or otherwise, regarded the language in any sense different from what they

now contend, the plaintiff one and the correct meaning, the defendant another and a wrong meaning.

Now, as to the agister's lien. Confessedly there was an agister's lien on 7 of the horses sold, amounting to $136, when the sale was made and the bill of sale put in escrow. A further lien amounting to $252 was incurred or suffered by the plaintiff after the sale. To surrender up possession of the horses, the agister demanded payment of both amounts the $136 due when the bill of sale was made and the $252 incurred thereafter. Two of the horses, while in the possession of the agister, died after the sale of them to the plaintiff. He contended that the agister was liable for their loss. The agister disputed such liability. So the plaintiff and the agister settled their controversy by plaintiff paying the agister $200, whereupon the agister delivered to the plaintiff the remaining 5 horses. Now, the defendant contends that the plaintiff, having paid only $200 for both claims, could not properly charge the defendant a sum greater than the proportion of $136 and $252 bears to $200, or about the sum of $70, and that, therefore, the court erred in awarding the plaintiff judgment for $136. True, the plaintiff was not entitled recover a sum greater than was necessary to be paid to discharge the amount of the lien on the horses when sold to the plaintiff. But, in considering the settlement made between the plaintiff and the agister, the defendant does not take into account the loss of the two horses which entered into and was adjusted by the settlement. When the matter is considered in such view, we cannot say that error was committed in the ruling allowing plaintiff judgment for the payment of the full amount of the lien which admittedly existed at the time of the sale.

The judgment of the court below is therefore affirmed with costs.

THURMAN, C. J., and CHERRY, GIDEON, and HANSEN, JJ., concur.