W. E. COOPER, Executor, Appellee, v. A. W. BARTON et al., Appellants.

No. 39691.

June 24, 1929.

*White & White,* for appellants.

*Bennett Cullison,* for appellee.

De Graff, J.—The facts are stipulated in this case, and it is conceded that the plaintiff-appellee, W. E. Cooper, is the executor of the estate of Phebe Barton, who held a life estate in the land involved herein, to wit: a 65-acre tract which was included in Drainage District No. 11 in Shelby County, Iowa. The defendant-appellants are the owners in common of the remainder in said land. Phebe Barton, the life tenant, died December 25, 1923. The drainage district in question was established April 6, 1920. The board of supervisors of Shelby County, Iowa, acting as a drainage board, made assessments for benefits against the land included in said district. Said assessments were payable in ten equal installments, the first payment being due on the land involved herein on March 31, 1922, in the principal sum of $256.29, with interest, $102.30, and the second installment being due March 31, 1923, in the principal sum of $256.90, and interest in the sum of $138.73. Both the life tenant and the remaindermen failed to pay said installments of principal and interest, resulting in a tax sale of said land on December 3, 1923. The proceeds of said sale paid the installments and interest then due and

unpaid. On September 5, 1925, the drainage board, by resolution, ordered a refund to be made "to persons entitled thereto" by reason of excessive assessments for benefits in said district, and further provided that there should be refunded 13 per cent on the amount assessed against each tract and parcel of land. The amount ordered refunded to the persons entitled thereto as to the land involved herein was $333.89, and that sum was actually paid by the county auditor on January 27, 1925, by drainage warrants issued to the defendants (remaindermen), each sharing equally.

On December 8, 1926, no redemption having been made, one L. J. Smith, purchaser at the tax sale, received a tax deed to said land.

What is the rule governing the instant facts? This was a permanent public improvement. It increased the value of the remainder, and the general rule is that a special assessment for such an improvement should be borne ratably between the life tenant and the remaindermen, in proportion to the benefit accruing to each. Furthermore, the proper apportionment of the liability between the life tenant and the remaindermen is for the life tenant to pay the interest on the assessment during his life, and the remaindermen to pay the principal of the assessment as it becomes due. A fund created by special assessment for the construction of a drainage ditch is in the nature of a trust fund for the use and benefit of the property included in the drainage district; and where funds are received in excess of the amount needed, the funds should be returned to the parties who owned the land at the time the assessment was fixed and levied, in proportion to the amount paid by said parties. A public improvement assessment is not in the category of an ordinary tax on the property, for which the life tenant is liable (see *Reddish v. John,* 190 Iowa 49) ; but such improvement is of a permanent character, and should be ratably divided between the life tenant and the remaindermen. *Chamberlin v. Gleason,* 163 N. Y. 214 (57 N. E. 487). Under this rule, the life tenant should pay the interest on the assessment, and the remaindermen should pay the principal, as the same become due. This is the correct and equitable rule. The fact that Phebe Barton died during the interim does not, as a matter of law, affect her interest in the fund, which her legal representative now claims. When the land in question was sold

for taxes, the life estate was sold to pay the interest, and the remainder was sold to pay the principal. This is, in legal effect, what happened. Thereby there was created a fund in the hands of the drainage board for the use and benefit of the owner of both estates, and both are entitled to share proportionately in the refund.

In passing, it may be said that, since the action in this case was commenced, the general assembly of Iowa has announced the policy applicable to this kind of a case; and, although these provisions are not controlling at this time in determining this case, nevertheless a policy is stated, consistent with reason and authority. Section 7489, Code of 1927.

The decree entered by the trial court is—*Affirmed.*

ALBERT, C. J., and STEVENS, FAVILLE, and MORLING, JJ., concur.