HARLAN COUNTY, APPELLEE, V. GUY THOMPSON ET AL., APPELLANTS.

FILED JUNE 9, 1933. No. 28546.

*J. G. Thompson,* for appellants.

*Shelburn & Russell, contra.*

Heard before GOSS, C. J., ROSE, GOOD, EBERLY, DAY and PAINE, JJ., and MESSMORE, District Judge.

MESSMORE, District Judge.

Appellee herein, plaintiff below, recovered a judgment in the district court for Harlan county against defendants below, appellants herein, in the sum of $568.39, from which judgment appellants appeal.

Plaintiff based its action on section 77-1921, Comp. St. 1929, setting forth the location of the real estate and building thereon in question, the amount of general and special taxes due Harlan county and the city of Alma, that said taxes were duly levied by the proper taxing bodies and were delinquent, that special assessments amounted to $244.57 for sewer construction and $462.90 for paving construction, with general taxes of $46, plus accrued interest, also that a tax lien existed against said premises in favor of one Mabel O. Shelburn in the sum of $314.21, a lien prior to the taxes, general and special, above set out, and that the building on the premises was destroyed by defendants and praying for recovery in the sum of $753.47.

To the petition defendants demurred, setting up a de-

fect of parties plaintiff, that plaintiff had no capacity to sue, a misjoinder of causes of action, and that the petition did not state a cause of action, which demurrer was submitted and overruled.

Defendants then answered, setting forth the same subject-matter as contained in the demurrer, and further denying the allegations of the petition not specifically admitted; admitted they had a quitclaim deed for the premises; denied specifically the amounts alleged in the petition were duly and legally assessed against said premises; alleged further that the building located on the premises in question was old and dilapidated, in a bad state of preservation and repair and in a dangerous condition, could not be rented and was not worth tearing down; that all the materials formerly in the building were then on the premises and had no intrinsic value.

To the answer plaintiff filed its reply, denying all new matter set up therein.

On April 11, 1932, under the issues joined, as hereinbefore set forth, trial was begun to a jury. When plaintiff rested its case, defendants moved for an instructed verdict, plaintiff joining in with a motion in its favor. The jury were then discharged and the case continued for argument at a subsequent date. The evidence of plaintiff on the trial went almost exclusively to the proposition of the amount of taxes, special and general, levied against said premises, as set out in its petition.

On April 27, 1932, defendants filed a motion to withdraw their motion for a directed verdict heretofore made and to offer proof in support of their answer, which motion was denied. They then offered to prove that the building on said premises was of no value and not usable for any purpose, that its materials were still on the premises, that standing it was dangerous and was worth more torn down. A further offer of proof was made through O. E. Shelburn that he tried to buy the property of E. J. Schrack, its former owner, and that he offered him $25 for a quitclaim deed therefor.

The above offers of proof were objected to as incompetent, irrelevant and immaterial, with the special objections that the case had been submitted to the court on demurrer to plaintiff's evidence, in which plaintiff had joined issue, that the jury had been discharged and the case submitted to the court on the evidence taken at the former sitting of the court, which objections were sustained.

Defendants filed their motion for a new trial, setting forth the same subject-matter as contained in their demurrer, and assigning as error the fact that the court would not reopen the case to permit them to offer evidence in support of their answer, and the further general statutory grounds for a new trial, and in addition thereto set out in said motion two new issues not theretofore raised by the pleadings nor in the argument, nor does anything in the record disclose that the lower court had the opportunity to pass upon the two new issues so raised. Paragraph 2 of the motion is that "plaintiff did not through its proper officers authorize the bringing of said suit." Paragraph 10 of the motion is "that the section of the statute under which this action was brought and on which the court relied in making its findings, to wit, section 77-1921, Comp. St. 1929, is unconstitutional and void and that said section deprives litigants of their constitutional rights." Defendants rely on all the errors assigned in the motion for a new trial, paragraphs 1 to 10, inclusive.

. There is practically no dispute as to the facts in this case. It is presumably presented on two divergent theories. There is no dispute as to what has been done in so far as the record discloses. The building was torn down by defendants and they admit it. Plaintiff claims that the statute fixes the liability as against these defendants. Defendants' theory, although the record does not disclose it, except under the offer of proof subsequent to the time of joining in the motion for a directed verdict, is that the measure of damages must necessarily be in the reduction in the value of the property to satisfy any tax

lien against it, and the further proposition that the action cannot be maintained by and on behalf of the county without a prior authorization of the county board.

The statute seems clear of interpretation and is not ambiguous in any respect, being a clear pronouncement, as indicated by its language, to wit: "It shall be unlawful for any person to tear down or remove any building situated on any real estate while there are any delinquent taxes unpaid thereon. Any person offending shall be guilty of a misdemeanor, and upon conviction thereof * * * and shall moreover be liable to the county in a civil action for the amount of all delinquent taxes on such real estate. The lien of such taxes shall follow and adhere to such building or the materials thereof wherever situate." The statute also imposes the duty on the county treasurer, upon learning that such a building has been torn down or removed, to issue a distress warrant for the amount of delinquent taxes on such real estate and to follow such building material and levy upon the same as personal property to satisfy such taxes. In this case the evidence does not disclose that the treasurer did issue such a distress warrant.

The tax lien of Mabel O. Shelburn was not and is not a part of plaintiff's action, as she was not made a party to said action, and the judgment of the district court ignored her tax lien as set forth in the petition, which was proper for the reason heretofore given.

The first assignment of error to reckon with is whether or not the district court erred in refusing defendants permission to reopen their case and introduce evidence some 17 days after the motion for a directed verdict had been joined in by the parties hereto. In view of the record and the statute as heretofore set out, we hold that the trial court did not abuse its discretion in refusing defendants such right. We recognize that trial courts are generally agreeable in receiving all the evidence and points of law that will necessarily assist and aid them in arriving at proper findings and judgments; but, under

the circumstances as they appear in this case and in the offers to prove, we are convinced that the trial court in this instance did not abuse its discretion.

The issues raised in the motion for a new trial, as indicated by paragraphs 2 and 10 thereof, should have been presented to the trial court, and the trial court should have had an opportunity to pass on these matters of seeming importance to defendants. In analyzing the motion for a new trial, in paragraph 10 thereof, it is apparently obvious that the pleader arrived at the conclusion that the act is unconstitutional, setting forth no specific reason. There is nothing to show that the matter was argued before the lower court on that point.

The authority of the county attorney to maintain the proceeding, not being questioned in the pleadings, would be presumed, even if the statute required the approval of the county board. *Missouri P. R. Co. v. Fox,* 56 Neb. 746.

"Questions not presented to nor passed upon by the trial court will not, ordinarily, on appeal to the supreme court, be considered." *Lancaster County v. Graham,* 120 Neb. 785.

This court held in *Ittner v. Robinson,* 35 Neb. 133: "While in a general sense the word taxes includes special assessments, and special assessments are made under the taxing power, yet there is a clear distinction between the two; special assessments are a peculiar class of taxes which are laid upon property benefited according to some equitable rule, while taxes, as generally understood, mean the burdens imposed by the government for state, county, city, township or school district purposes; in other words, the money necessary to defray the expenses of government."

Further, quoting from the same opinion, *Ittner v. Robinson, supra:* "It will be conceded that the power to levy special assessments is derived from the taxing power of the government, but the word 'taxes' without more is not generally understood to include assessments."

Therefore, under this authority, we hold that the statute

under which Harlan county predicated its action refers to general taxes as distinguished from special assessments for the reasons given in the case above cited.

The judgment of the district court shall stand affirmed in so far as the judgment for general taxes is concerned, and modified to the extent that all taxes as against the property in question in the nature of special assessments be deducted from said judgment.

AFFIRMED AS MODIFIED.