FEDERAL DEPOSIT INSURANCE COMPANY *v.* LEGGETT, BANK COMMISSIONER.

4-6741                                                    164 S. W. 2d 882

Opinion delivered October 12, 1942.

*Francis C. Brown, John L. Cecil, Owens, Ehrman & McHaney* and *Herschell Bricker*, for appellant.

*Hays, Wait & Williams* and *Henderson, Meek & Hall*, for appellee.

HUMPHREYS, J. This is an appeal from that part of the decree of the chancery court of Pope county holding that appellant, Federal Deposit Insurance Corpora-

tion, was subrogated under the law to the extent only of the amount paid by it to each insured depositor of the Merchants & Farmers Bank, Atkins, Arkansas, insolvent, then in the course of liquidation, and was not entitled to recover interest on the amount it paid the depositors.

The facts are undisputed and are summarized in statements made by learned counsel for appellant and appellee in their respective statements of the case. We glean from their respective statements of the case that the Merchants & Farmers Bank, Atkins, Arkansas, was, on and prior to the 23rd day of March, 1939, "state non-member" bank, an insured bank, within the meaning of § 264 (c), Title 12, U.S.C.A., and its depositors were insured by the appellant to the extent provided by law; that at the close of business on March 23, 1939, the Bank Commissioner of the State of Arkansas, pursuant to the provisions of act 113 of the Acts of the General Assembly of the State of Arkansas of 1913 and acts amendatory thereto, took charge of the property and assets of said bank; that at the time the bank was closed there were no outstanding liabilities against it other than liabilities to the depositors and to the stockholders; that the total deposits aggregated $188,561.96; that after all offsets and inventory adjustments were made there remained $169,120.32 of insured deposits and $19,441.60 of uninsured deposits; that appellant paid $169,120.32 to the insured depositors and received an assignment and sub-rogation agreement from each depositor transferring, setting over and assigning to the appellant all claims against said bank and its stockholders, arising out of such insured deposits; that the appellant filed claims with W. H. Bost, special bank commissioner in charge of the liquidation of said bank, in the total sum of $169,-120.32 with such interest thereon as is allowed by law; that the principal amount advanced by appellant, to-wit: $169,120.32, was allowed and paid to appellant by the special deputy bank commissioner out of the assets of the bank; that the unsecured depositors and all expenses incident to the liquidation of the bank were paid in full leaving sufficient assets with which to pay appellant

interest on the amounts it had advanced to pay the insured depositors unless said excess should be used to pay the preferred and capital stock owners before paying the interest to appellant on the amounts it had advanced.

On or about the 25th day of January, 1941, appellant made demand upon the receiver, or liquidating agent, for the payment of $3,685.67 which it claimed as interest upon the amounts paid out by it, calculated at six per cent. per annum from the date of the closing of said Merchants & Farmers Bank, on the 23rd day of March, 1939, until it received its full repayment; that appellant, when it took the assignment from each depositor to all claims against the bank and stockholders arising out of the insured deposits, paid no interest to the depositors.

Based upon the facts detailed above, in addition to denying appellant the interest claimed, the court declared the law to be, in the decree rendered by him, that depositors in a bank which suspends payment to its depositors, and is taken over for liquidation by the Bank Commissioner of the State of Arkansas, are entitled to interest on such deposits from the date of such suspension to the date or dates upon which sums equal to the principal amount of such deposits have been paid, if there are assets available to pay such interest after payment of all other claims against such bank, including the principal amount of such deposits, and that under such circumstances such depositors would be entitled to interest at the legal rate of six per cent. per annum. This finding and declaration of law is supported by the great weight of authority.

The depositors being entitled to interest on their claims from the date a bank closes until they are paid out of the assets of the bank, if there are available assets to do so, to the exclusion of preferred or capital stock owners, the only question which could arise is whether the assignment of the respective claims was sufficiently definite and broad enough to assign their interest rights to appellant. We think it was.

The language of the assignment is as follows: "For the purpose of subrogating the Federal Deposit Insur-

ance Corporation to all of claimant's rights against said closed insured bank arising out of the insured deposit in the amount shown above, to the extent of the amount paid the receipt thereof is hereby acknowledged, claimant hereby assigns, transfers and sets over unto said corporation all claims against said closed insured bank and its stockholders arising out of said insured deposit, together with all evidences of such indebtedness held by claimant.''

We think, however, that irrespective of the assignment under the provisions of § 12B of the Federal Reserve Act as amended (U.S.C.A., Title 12, § 264) appellant was subrogated to the rights of the depositors upon payment to them of their respective claims. This court has not had occasion to construe the provisions of § 12B of the Federal Reserve Act as amended, but the purpose and intent of the act as applied to the facts similar to the facts in the instant case was construed by the Supreme Court of Iowa in *Bates* v. *Farmers Savings Bank of Ankeny*, 3 N. W. 2d 517. Practically every material question assigned by appellee in the instant case as to why appellant should not be paid interest on the amount it paid to the insured depositors was assigned in the Iowa case referred to above with the result that the Iowa Supreme Court, after discussing the assignments at great length, said: ''By reason of our pronouncements and holdings heretofore made it is our conclusion that: (1) All depositors, and the FDIC as assignee of depositors' claims, are entitled to interest at five per cent. on such claims from the date of the bank's insolvency as evidenced by the date of the closing of the bank; (2) the payment of interest to depositor claimants, including the FDIC, shall have priority in payment before any distribution is made to the preferred stockholders.''

As stated above the facts in the Iowa case were identical with the facts in the instant case. The Iowa case referred to is a very recent case, the opinion having been rendered on May 5, 1942.

There is another recent case decided by the United States Circuit Court of Appeals, Eighth Circuit, on

784

July 30, 1942, involving practically the same questions involved in the instant case with the following result: ''The judgment of the district court will accordingly be reversed, and the cause will be remanded with directions to enter a declaratory judgment that the Federal Deposit Insurance Corporation Act, 49 Stat. 684, 12 U.S.C.A., § 264, does not prohibit the corporation from receiving interest upon its claim against the Citizens State Bank of Niangua, in liquidation, and that the corporation is entitled to have paid to it by the Commissioner of Finance, as part of its subrogation rights, such interest as is properly incident to the payment of claims of depositors in a bank liquidation, under Missouri law, where there is a surplus available for this purpose. . . .''

The case referred to above has not been published, but the copy of the opinion before us shows it is a consolidated case and is styled as follows: ''United States Circuit Court of Appeals, Eighth Circuit, May term, A. D., 1942. No. 12,229, *Federal Deposit Insurance Corporation* v. *The Citizens State Bank of Niangua*, 130 F. 2d 102.

We think the two decisions cited above clearly construe the purpose and intent of § 12B of the Federal Reserve Act as amended and we adopt the construction placed upon said act by the Iowa Supreme Court and the United States Circuit Court of Appeals, Eighth Circuit, as being applicable to the facts in the instant case.

For the reasons set forth in those opinions, the decree of the chancery court is reversed, and this cause is remanded with directions to allow appellant its claim for interest in the sum of $3,685.67 on the amount of the insured deposits it paid at the rate of six per cent. per annum from the date of the suspension of the bank.