Department of Banking, State of Nebraska, appellee, v. Elm Creek State Bank, Elm Creek, Nebraska, appellee, Federal Deposit Insurance Corporation, Receiver and Liquidator, appellee, Daryl Calkins, stockholder-appellant.

287 N. W. 2d 440

Filed January 15, 1980. No. 42567.

Nye, Hervert, Jorgensen & Watson, P.C., for appellant.

Tye, Worlock, Tye & Taylor, for appellee FDIC.

Heard before Krivosha, C. J., Boslaugh, McCown, Clinton, Brodkey, White, and Hastings, JJ.

White, J.

Appellant, Daryl Calkins, a stockholder in the insolvent and dissolved Elm Creek State Bank (hereafter Bank), appeals from an order of the District Court for Buffalo County, Nebraska. We affirm the order of the trial court.

Some background is necessary. On May 8, 1973, the Department of Banking, State of Nebraska, filed a Declaration of Insolvency of the Bank. The Federal Deposit Insurance Corporation was appointed receiver.

In due course, on the 20th of June, 1974, the Federal Deposit Insurance Corporation filed an order on classification and priority of claims and allowed claims denominated as preferred and general. Paragraph II of the order provided in part: "That the following * * * general claims * * * are, allowed * * * to be paid when and after all prior claims in Para-

graph I hereinabove [preferred claims] have been paid in full *including interest at the legal rate."* (Emphasis supplied.)

The District Court subsequently, on July 24, 1974, ordered a dividend of 55 percent of the preferred claims; on March 26, 1975, a further 30 percent; on July 13, 1976, 10 percent; on May 3, 1977, 5 percent; and on September 18, 1978, the court ordered the payment in full of all general creditors, and on November 13, 1978, ordered the payment of interest on preferred claims from May 5, 1973.

It is the appellant Calkins' contention that each of the orders of distribution prior to the order of September 18, 1978, were final orders. The orders made no reference to interest on preferred claims and were not appealed from. Therefore, the order of November 13, 1978, allowing interest on preferred claims was unlawful. We reject appellant's claim, and for the reasons set forth we affirm the order of the trial court.

Although we are somewhat troubled by the lack of any evidence or support in the record of the status of appellant as a stockholder who would be entitled to share in proceeds over and above claims of creditors (see The People v. Farmers State Bank, 371 Ill. 222, 20 N. E. 2d 502 (1938); 9 C. J. S., Banks and Banking, § 550, p. 1087), appellant was allowed to appear and file a resistance to the application without complaint to the trial court. We will not normally consider a matter not first called to the attention of the trial court. Harlan County v. Thompson, 125 Neb. 65, 248 N. W. 801 (1933); Underwriters Acceptance Corporation v. Dunkin, 152 Neb. 550, 41 N. W. 2d 855 (1950). Whether interest on preferred claims could have been paid prior to payment of general claims is not here argued or decided. The trial court, in its final order, directed the payment of all claims, preferred and general, before interest was allowed.

Counsel concedes that an award of interest to

creditors is not unlawful, although no specific statute is cited that authorizes such payment. However, in bank insolvency proceedings, it is clearly the majority rule that an award of interest may be made out of surplus for the period during which the insolvent bank has been in the hands of the receiver. See 10 Am. Jur. 2d, Banks, § 777, p. 743; 9 C. J. S., Banks and Banking, § 550, p. 1087; Fed. Dep. Ins. Corp. v. Farmers Bank of Newton, 238 Mo. App. 350, 180 S. W. 2d 532 (1944); Federal Deposit Insurance Company v. Leggett Bank Commissioner, 204 Ark. 780, 164 S. W. 2d 882 (1942).

It is clear, however, that no claim for interest could have arisen until there was a surplus above the total of the claims. This fact could only have been ascertained when the application for final payment was made to the trial court. Any application to the trial court for interest on a partial installment would properly be denied as premature; hence a failure to apply to the court to do something then outside of its power cannot be said to be either a consent to its denial, or res judicata to the entitlement to interest. For an excellent discussion of this point, see Fed. Dep. Ins. Corp. v. Farmers Bank of Newton, *supra*.

The order of the trial court is affirmed.

AFFIRMED.